Doretta SIMS, Appellant,

v.

Betty WIECHERS, Appellee.

No. 8686.

Court of Civil Appeals of Texas, Texarkana.

Aug. 21, 1979.

John J. O'Boyle, Cooper, Hayner, Miller & Long, Dallas, for appellant.

Fred J. Feigl, Feigl & Arnott, Inc., Richardson, for appellee.

HUTCHINSON, Justice.

This is an appeal from a summary judgment in favor of Betty Wiechers, appellee, against Doretta Sims, appellant. Suit was upon a promissory note which is as follows:

"D. S. OIL AND GAS CO., INC.

Doretta Sims, President

Suite 716
4925 Greenville Ave.
Dallas, Texas 75206
Phone 214 750–5747

PROMISSORY NOTE

I, DORETTA SIMS, of 6211 W. Northwest Hwy., Apt. 1101, Dallas, Texas hereby promise to pay to Betty Wiechers the sum of $18,344.73 on or before December 5, 1977 for value received.

Eighteen thousand three hundred forty four dollars and seventy three cents.

Dated this 5th day of October, 1977

/s/  Doretta Sims

DORETTA SIMS"

Appellee's suit was for the principal sum of the note, interest thereon and attorney fees. Appellant's answer alleged generally that all just and lawful offsets and credits had not been allowed, that the execution of the note was secured by fraudulent, false and misleading statements and representations by appellee, and that she was not liable in the capacity in which she was sued. Her response in opposition to appellee's motion for summary judgment was also in like general terms and her affidavit in support of the response simply stated that appellee had not given her any credit for payments she had made on the note, that she executed the note in her capacity as President of D. S. Oil and Gas Company, Inc., and not in her individual capacity, that when she executed the note as such president appellee orally represented to her that she had deposited $18,344.73 in the bank account of D. S. Oil and Gas Company, Inc. and in reliance upon such representation she signed the note. In response, appellee by affidavit stated that she advanced a total sum of $23,279.73 to appellant and to D. S. Oil and Gas Company, Inc. and that appellant had repaid $4,935.00, leaving an indebtedness in the sum of $18,344.73, the amount of the note sued upon. Attached to this affidavit where photocopies of eight of her cancelled checks: four in the total sum of $5,250.00 payable to the order of the appellant, three in the total sum of $11,000.00 payable to the order of D. S. Oil and Gas

Company, Inc., and one in the sum of $7,029.73 payable to appellant and deposited in the account of D. S. Oil and Gas Company, Inc.

The trial court granted appellee judgment for the full amount of the note with interest at the rate of 6% from December 5, 1977, through June 15, 1978, an agreed attorney's fee, with interest on the entire judgment from June 16, 1978, at the rate of 9%.

Appellant is here on one point of error, that is, the trial court erred in granting the motion for summary judgment.

Unquestioned is the fact that appellee stated a cause of action and sufficiently supported the same in her motion for summary judgment. The validity of the rendered summary judgment therefore depends upon whether or not appellant by her response to the motion presented evidence raising a fact issue on the elements necessary to establish an affirmative defense. *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974); *Gulf, Colorado & Sante Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1959). In reviewing summary judgment proofs, the affidavits in opposition thereto should be accepted as true and every reasonable inference deductible therefrom should be in favor of the contentions of appellant. *Hudnall v. Tyler Bank and Trust Company*, 458 S.W.2d 183 (Tex.1970); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). The summary judgment evidence must be viewed in the light most favorable to the party opposing the motion and that which tends to support the opposition must be accepted as true, *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.1965), and any and all doubts as to the existence of a genuine issue as to a material fact should be resolved against the movant. *Tigner v. First National Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85 (1954); *Gulbenkian v. Penn*, supra.

Appellant's summary judgment proof does not support her contention that appellee had not given her any credit for payments she had made on the indebtedness. The offered proof was only the general statement as above and the record is void as

to any proof of the claimed payments, or the amounts thereof, relied upon to reduce the amount of the principal sum of the sued on note. This portion of appellant's affidavit is no more than an unsupported conclusion. To have been effective summary judgment proof, appellant's affidavit would have had to state specifically the claimed payments and the amounts thereof. A plea of payment is an affirmative defense and the burden was upon appellant to show the claimed credits that she was entitled to. This she wholly failed to do. *Slavin v. Citizens State Bank of Frost,* 567 S.W.2d 928 (Tex.Civ.App. Dallas 1978, no writ); *Smith v. Crockett Production Credit Association,* 372 S.W.2d 956 (Tex.Civ.App. Houston 1963, writ ref'd n.r.e.).

Appellant's next assertion is that she executed the note in her capacity as president of D. S. Oil and Gas Company, Inc. and not in her individual capacity and that any liability on the note is that of the corporation. In support of this contention, appellant relies upon her affidavit to that effect and Tex.Bus. & Comm.Code Ann. § 3.403(b)(2). The question presented by this contention has heretofore been answered by our Supreme Court in the case of *Seale v. Nichols,* supra. The mere assertion by appellant of her subjective intent to sign the note as an agent of the corporation is insufficient to effectively raise a fact issue upon her alleged affirmative defense of non-liability in the capacity in which she was sued.

Appellant's final contention is that the summary judgment proof raised the affirmative defense of fraud in the inducement. The basis for this assertion is her affidavit to the effect that appellee told her prior to the execution of the note that the entire $18,344.73 had been deposited in the account of D. S. Oil and Gas Company, Inc. and in reliance upon the false representation she signed the note. As heretofore noted, a portion of the advanced funds were deposited to appellant's personal account rather than to the corporate account. There is no contention that appellee had not in fact advanced the money represented by the note nor does appellant deny having received the money. The summary judg-

ment proof shows that the appellant at all material times was president of D. S. Oil and Gas Company, Inc. and as such she could have easily determined the sums deposited in the corporate account and of course she knew of the sums advanced to and deposited by her personally. Under such circumstances, appellant, if in any way defrauded, has not shown such fraud nor has she shown that by the exercise of ordinary care for the protection of her own interests she could not have discovered and prevented any supposed fraud. *Thigpen v. Locke,* 363 S.W.2d 247, 251 (Tex.1962). There is no merit to this contention.

The judgment of the trial court is affirmed.