**Maynard CLARK, Appellant,**

v.

**Sandra K. DEDINA, Appellee.**

**No. 01–83–0301–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 15, 1983.

Rehearing Denied Oct. 13, 1983.

Daniel Goldberg and Roger Pierce, Houston, for appellant.

Thomas Sims, Houston, for appellee.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

OPINION

LEVY, Justice.

Appellant, the maker of a promissory note, seeks reversal of a summary judgment granted in favor of the payee thereof.

■ In his first point of error, appellant urges that the trial court erred in assessing post-judgment interest at the rate of 18% per annum, arguing that the maximum allowable by statute is 10%.[1] Pursuant to Rule 434 of the Texas Rules of Civil Procedure, we modify the judgment so as to provide that interest will accrue on the amount of the award at the rate of 10% per annum from and after February 8, 1983, the date of judgment. *Earl Hayes Rents Cars & Trucks v. City of Houston,* 557 S.W.2d 316 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.).

In points of error two through four, appellant argues that the trial court erred in granting summary judgment for appellee as a matter of law, because she failed to establish all elements of her cause of action, and also because genuine issues of material fact were raised by way of his affirmative defenses.

■ Appellant first urges that appellee failed to establish all essential elements of her cause of action. An examination of appellant's pleadings and affidavits reveals no mention of this contention and pursuant to Rule 166–A(c) appellant cannot first complain of this on appeal. See *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Contrary to appellant's contention, appellee need not prove all essential elements of a breach of contract, but only must establish the note in question, that appellant signed the note, that appellee was the legal owner and holder thereof, and that a certain balance was due and owing on the note. *Bailey v. Gulfway Nat'l Bank of Corpus Christi,* 626

1. Article 5069–1.05 Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982–83)

All judgments of the courts of this State shall bear interest at the rate of nine percent per annum from and after the date of the judgment, except where the contract upon which the judgment is founded bears a specified interest greater than nine percent per annum, in which case the judgment shall bear the same rate of interest specified in such contract, but shall not exceed ten percent per annum, from and after the date of such judgment.

S.W.2d 70 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

■ Appellee's summary judgment evidence shows that she did swear in her affidavit that true and correct copies of the note in question were attached. The Texas Supreme Court has held that a photocopy of a note, attached to an affidavit, in which the affiant swore that the photocopy was a true and correct copy of the original note, constitutes a "sworn copy" within the meaning of Rule 166–A(c) and is proper summary judgment evidence. *Life Insurance Co. of Virginia v. Gar-dal,* 570 S.W.2d 378 (Tex.1978). Appellee also swore in her affidavit that she was the owner and holder of the note, and that there was a balance due in the amount stated sufficient to sustain a finding of damages. *Ecurie Cerveza Racing Team, Inc. v. Texas Commerce Southeast,* 633 S.W.2d 574 (Tex.Civ.App.—Houston [14th Dist.] 1982, no writ). In an action by the holder of a note against the maker, the introduction of the note in evidence makes a prima facie case for the holder, where the execution of the note has not been denied under oath. *Hagar v. Texas Distributors Inc.,* 560 S.W.2d 773 (Tex. Civ.App.—Tyler 1977, writ ref'd n.r.e.). In the absence of appellant's denial of execution, the validity of his signature is admitted. Tex.Bus. & Com.Code Ann. § 3.307(b) (Vernon 1968). Appellant's second point of error is overruled.

■ In his third point of error, appellant complains that the trial court erred in granting summary judgment because the appellant pleaded and raised genuine issues of material fact in his affidavit and response to the motion for summary judgment. Mere pleading, however, of an affirmative defense does not prevent the rendition of summary judgment for a plaintiff who has established conclusively the nonexistence of disputed fact issues in his claim for relief. *Taylor v. Fred Clark Felt Co.,* 567 S.W.2d 863 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *Hudnall v. Tyler Bank & Trust Co.,* 458 S.W.2d 183 (Tex.1970). In order to show a disputed fact issue which will preclude the rendition

of summary judgment for the plaintiff, the defendant must offer summary judgment proof on each element of at least one of the affirmative defenses it has pleaded. *Seale v. Nichols,* 505 S.W.2d 251 (Tex.1974). Appellant herein has raised several affirmative defenses: fraud in the inducement, material alteration, and failure of consideration. If sufficient summary judgment evidence was presented on all elements of at least one of these defenses, then under *Seale, supra,* the appellant would have raised a genuine issue of material fact and the summary judgment against him was improper. Each affirmative defense will be discussed separately in the same order as presented in appellant's brief.

## FRAUD IN THE INDUCEMENT

■ Asserting generally that the appellee made misrepresentations to him, upon which he relied to his detriment, appellant states that appellee knew the note was secured by the accounts receivable of Vickers & Vickers, that she knew the note was to run to the benefit of the corporation and not to him, and that he intended to sign a receipt, not a promissory note. Appellant further states that appellee wrongly obtained his signature in an individual capacity. These general assertions as to knowledge and intent are merely conclusions or opinions which are not admissible and do not raise fact questions. See *Sharpe v. Lomas & Nettleton Financial Corp.,* 601 S.W.2d 55 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r. e.). To prove fraud in the inducement sufficiently to allow any exception to the parol evidence rule to come into play, there must be a showing of some type of trickery, artifice or device employed by the payee *in addition to* the showing that the payee represented to the maker that he would not be liable. See *Town North Nat'l Bank v. Broaddus,* 569 S.W.2d 489 (Tex.1978). Appellant relies heavily on *Viracola v. Dallas Int'l Bank,* 508 S.W.2d 472 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.) but the type of elaborate scheme presented by the defendant therein cannot be found in appellant's merely conclusory assertions in his summa-

ry judgment proof in the case at bar. Any evidence appellant has brought regarding fraud in the inducement is barred by the parol evidence rule. Summary judgment proof must present such facts as would be admissible in evidence. Tex.R.Civ.P. 166–A(e). No genuine issue of material fact has been raised on this point. Appellant asserts the trickery involved was appellee's representation that the note was merely a receipt, not a promissory note. In support of this claim, his only proof is his statement that his *intent* in signing the note was solely to evidence the receipt of the money. An examination of the copy of the promissory note shows that it clearly is designated a "promissory note". A party is charged with the obligation of reading what he signs. *Lawler v. Federal Insurance Corp.,* 538 S.W.2d 245 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). The mere assertion by appellant of his subjective intention to sign the note as an agent of the corporation is insufficient to raise a fact issue as to his non-liability in the capacity in which he was sued, *Sims v. Wiechers,* 589 S.W.2d 471 (Tex.Civ.App.Texarkana 1979, no writ), and his point of error regarding fraud in the inducement is overruled.

### MATERIAL ALTERATION

▮▮▮ Appellant also contends that he raised a genuine issue of material fact relating to material alteration of the note. The only evidence he offered in support thereof was that there were blanks in the document when he signed it. The very first mention of which specific blanks he refers to is in his brief, where he alleges that the date and interest rate were blank. It seems trite but necessary to say that appellant's brief is not part of the summary judgment proof. Tex.R.Civ.P. 166–A. Section 3.407(a) of the Tex.Bus. & Com.Code Ann. states that a change in the amount of principal or interest due constitutes a material alteration of a note. However, appellant does not assert a *change* in the amount of interest; he merely alleges the interest rate was blank when he signed it. Since this specific allegation was not made until appellant filed his brief, it cannot be con-

sidered. Assertions in an appellate brief that are unsupported by the record will not be unconditionally accepted as fact. Completion of blanks in an instrument is not necessarily an alteration of the instrument, but rather depends on whether the person completing the instrument had the authority to do so. *Antrim v. McMurrey,* 549 S.W.2d 463, 465 (Tex.Civ.App.—Austin 1977, no writ). Section 3.115(b) Tex.Bus. & Com.Code Ann. provides that when the completion is unauthorized, the rules as to material alteration apply and the burden of establishing that any completion is unauthorized is on the party so asserting. The effect of this allocation of the burden of proof is to suggest that the transferee *has* the authority to complete blanks in the instrument. Any extrinsic evidence on this point is barred by the parol evidence rule and, as such, appellant's mere allegation is not sufficient summary judgment proof. His point of error on this material alteration claim is overruled.

### FAILURE OF CONSIDERATION

▮▮▮ In support of his argument that there was failure of consideration, appellant states that he never received any of the money himself, and that Michael Vickers, his co-signer, deposited the money into the company bank account of Vickers & Vickers. Where the promissory note sued upon imputed a consideration, the burden was on the defendant to show that there was none; a sworn plea of no consideration does not shift the burden to the plaintiff to show consideration, it merely puts consideration in issue. *Decor Dimensionals, Inc. v. Smith,* 494 S.W.2d 266 (Tex.Civ.App.—Dallas 1973, no writ). Valuable consideration for a contract may consist of *either* a benefit to the promissor *or* a detriment to the promisee. *Diamond Paint Co. of Houston v. Embry,* 525 S.W.2d 529 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.) Since it is not disputed that appellee actually paid the $175,000 in question, there was evidence of valid consideration and appellant was required to prove that no consideration passed. While appellant claims that he re-

ceived no consideration, it is clear beyond dispute that his co-maker of the note did. A co-maker's liability to the payee is joint and several. *Caldwell v. Stevenson,* 567 S.W.2d 278 (Tex.Civ.App.—Austin 1978, no writ). Since appellant's liability was joint and several with his co-maker, Michael Vickers, any consideration received by Michael Vickers must be attributed to appellant by virtue of their joint and several liability.

In *Clem v. Chapman,* 262 S.W. 168 (Tex. Civ.App.—El Paso 1924, writ ref'd, per curiam), the appellant was found to be primarily liable on the note even though, as between the makers, appellant was considered only secondarily liable, and he had received *no part* of the consideration for the note. Appellant's point of error regarding failure of consideration is overruled.

In his fourth and final point of error, appellant states that the trial court erred in excluding parol evidence to raise his affirmative defenses of material alteration and fraud in the inducement. Appellant urges that the admissibility of parol evidence is not an issue in a summary judgment hearing. Rule 166–A(e) Tex.R.Civ.P. states that facts presented in affidavits must be such as would be admissible in evidence. Since parol evidence is generally inadmissible in evidence to vary the terms of a written contract, see, e.g., *Town North, supra,* parol evidence was not proper at the summary judgment hearing. Appellant's fourth point of error is overruled and the judgment of the trial court, as modified to reflect a 10% rate of interest from the date of judgment, is affirmed.