**DANIELL MOTOR COMPANY, INC., and Doug Daniell, Appellants,**

**v.**

**NORTHWEST BANK, Appellee.**

**No. 2–85–201–CV.**

Court of Appeals of Texas, Fort Worth.

Sept. 24, 1986.

Dana Smith, Brownwood, for appellants.

Steven S. Brown, Fort Worth, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and HILL, JJ.

## OPINION ON MOTION FOR REHEARING

FENDER, Chief Justice.

Daniell Motor Company, Inc. and Doug Daniell have filed a motion for rehearing in this appeal from the granting of summary judgment against them on two promissory notes. We grant rehearing to correct a misstatement in our opinion dated August 14, 1986, as pointed out in appellants' point of error one. Appellants reiterate their argument on appeal as point of error two and for the same reasons as stated in our former opinion, this contention is overruled. Our previous opinion in this cause is withdrawn and the following opinion substituted therefor.

This is an appeal from the granting of a summary judgment for Northwest Bank, appellee/payee, on two promissory notes, one against Doug Daniell, individually, and one against Daniell Motor Company. The summary judgment was denied as to George Day, a stockholder of Daniell Motor Company, and he is not a party to this action.

We affirm.

Northwest Bank sued Daniell Motor Company, Doug Daniell and George Day concerning two notes. Note # 118109 was made out with Doug Daniell as maker and the other [# 119008] was made out with Daniell Motor Company, Inc. as maker. Both were signed by Doug Daniell, president of Daniell Motor Company. The first note was signed by Daniell in his individual capacity and the second was signed by Daniell as "President."

Both notes state on their face that they were due in full on March 5, 1985. Note # 118109, made out to Doug Daniell, was for the principal amount of $65,000.00. The finance charge on that loan was $2,404.11. Therefore, the total payment due on March 5, 1985 was $67,404.11. Note # 119008, to Daniell Motor Company, was for the principal amount of $137,-016.40. The finance charge on that loan was $4,898.81. The total amount due on March 5, 1985 on the second note was $141,915.21.

Northwest Bank filed suit on March 27, 1985. In the suit, Northwest claimed that appellants were in default as of March 5, 1984. In its original petition, Northwest contended that: 1) Northwest is the owner and holder of the notes and is entitled to receive all money due under their terms; 2) the debts are just and unsatisfied; 3) appellants have not paid the notes and that the notes are in default according to the terms of the notes; 4) the appellants defaulted on paying the notes on the 5th of March, 1984; 5) the principle due and unpaid is the amount of $137,016.40 for the first note and $65,000.00 for note # 118109, which totals the amount of $202,016.40; 6) the notes provide for contractual interest to the date of maturity; and 7) the notes also provide for interest on the matured, unpaid debt at the rate of 18% per year from the date of maturity until date of judgment.

The two notes were attached to the original petition as Exhibits A and B. The original petition further alleged that: 1) Daniell Motor Company is the alter ego of George Day; 2) the corporation was undercapitalized; 3) there was an absence of an interest in conducting business in a meaningful manner; 4) Daniell and Day drained the corporation of its liquid assets for their own enjoyment; 5) the corporation was a mere fiction and front to conceal fraud; and 6) the defendants agreed in the notes to pay reasonable attorneys' fees.

Daniell filed an answer alleging the following: 1) he is not personally liable on note # 118109; 2) Daniell Motor Company is not his alter ego; 3) the company is not the conduit for Daniell's personal business; 4) Daniell has not used the company to conceal his own business operation or to conceal fraud; 5) the company is not undercapitalized; 6) the company conducts business in a meaningful manner; 7) the assets of the company have not been drained; 8)

the company's business has been transacted in accordance with the laws of Texas; 9) Daniell is not liable on the two notes; 10) the company has not been used as a shield on Northwest; 11) the money advanced by Northwest to the company was not used by Daniell personally; 12) he is not personally liable on note #118109 because Northwest agreed that the money would go to, and it did go to, the company; and 13) Northwest did not prepare the note in the name of the company and Daniell did not know this until the suit was filed. Thereafter, Daniell ended with a general denial.

Northwest filed a Motion for Summary Judgment on May 23, 1985. They contended in their motion that appellants and Day had no defense to their cause of action and that no genuine issue as to any material fact existed. They asked for judgment as a matter of law as prayed for in their original petition.

Appellants each filed a response in which they alleged that there were material facts to be determined as shown by pleadings and affidavits.

In his affidavit, Daniell swore to the same facts contained in his answer. The only exception is that, concerning the last allegation that Northwest "did not prepare the note [#118109] in the name of Daniell Motor Company as was agreed," Daniell did not state in his affidavit, as he did in his answer, that he "was not aware of the Bank's actions until this suit was filed."

In his affidavit, George Day stated that: 1) the two notes were not in default on March 5, 1984 as alleged in the original petition; 2) at the time the notes were made, Northwest agreed to renew the notes when they were due for an additional six months, with the company to pay the interest due at the time of renewal; and 3) Northwest failed to renew the notes as agreed and the notes are not in default because of the agreement of Northwest.

On June 27, 1985, the trial court granted Northwest's motion for summary judgment. The trial court did not state a reason for granting the summary judgment but merely stated that "having examined the pleadings and Affidavit and being of the opinion that there is no genuine issue as to any material facts ... [Northwest] is therefore entitled to Judgment as a matter of law...."

On appeal, we note that Northwest did not file an appellate brief.

In their sole point of error, appellants contend that the trial court erred in granting Northwest's motion for summary judgment against Daniell Motor Company, Inc. and Doug Daniell, individually, for the reason that the response by appellants to Northwests' motions for summary judgment and the attached affidavits set forth and raised fact issues that should be determined by the trier of fact.

On appeal, appellants, in their brief, raised three defenses to payment of the promissory notes. Their first defense, to the payment of the note made out to Doug Daniell, individually, was that Daniell was not individually liable on the note for the reason that the bank agreed to loan the money to Daniell Motor Company and the money went to Daniell Motor Company. Appellant further contends that Northwest Bank did not prepare the note in the name of Daniell Motor Company as was agreed. In other words, appellant Doug Daniell is contending that he is not personally liable on note #118109 even though it was made out to him individually and he signed it in that capacity, because the bank agreed that it would be made out to Daniell Motor Company. Appellants' second defense was that because Northwest had agreed to renew the notes for a period of six months when they became due, and because they did not do so, the notes were not in default. The third and last defense was that Northwest's pleadings alleged that the notes were in default as of March 5, 1984 when the notes on their face state that they were due on March 5, 1985. Appellants do not discuss the legal effect of this apparent clerical error.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to

judgment as a matter of law. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *See Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *Id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery Ward v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex. 1972). Every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in his favor. *See Montgomery Ward,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *See Great American,* 391 S.W.2d at 47. If such uncontroverted evidence is from an interested witness, it cannot be considered as doing more than raising a fact issue, unless it is clear, direct, positive and free from inconsistencies and contradictions. *See id.* The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *See City of Houston,* 589 S.W.2d at 678.

Once the movant has established his right to summary judgment, the nonmoving party is required to make some response to the motion for summary judgment. *See Feller v. Southwestern Bell Telephone Co.,* 581 S.W.2d 775 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ). That response must bring fact issues to the attention of the trial court as a predicate to rely on those issues on appeal as grounds for reversal. *See id.* Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. *See* TEX.R.CIV.P. 166–A.

▆▆▆ Concerning whether appellants raised fact issues as to the first two defenses, regarding: 1) whether Daniell is individually liable on note # 118109; and 2) whether Northwest agreed to extend the due date of the notes, appellants did not plead fraud, mistake, or any other affirmative defense in the trial court, as required by the Texas Rules of Procedure. *See* TEX.R.CIV.P. 94. Nor did appellants offer any proof of fraud or mistake other than the general statements made in the affidavits of Daniell and Day. This proof is insufficient to raise fact questions. *See Clark v. Dedina,* 658 S.W.2d 293, 296–97 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd).

▆▆▆ Further, this evidence which has been offered concerning fraud, mistake or whichever affirmative defense appellants are attempting to raise is barred by the parol evidence rule. *See id.* Generally, a negotiable instrument which is clear and express in its terms cannot be varied by parol agreements or representations. *See Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489, 491 (Tex.1978). The first note clearly states that Doug Daniell is the maker. Both notes show the due date as March 5, 1985. Neither provide for any extensions. No genuine issue of material fact has been raised concerning whether Daniell is personally liable on note # 118109 nor whether Northwest agreed to extend the notes beyond their due date. Appellants' contentions concerning these two defenses are overruled.

Appellants' third defense to payment of the notes is that Northwest's pleadings state that the notes were due March 5, 1984 and the notes themselves, offered as summary judgment proof, state that the due date was March 5, 1985. Appellants contend that this raises a material fact issue concerning the elements of Northwest's cause of action. We disagree.

To establish a cause of action on the notes, Northwest must have established: 1)

the notes in question; 2) that appellant signed the notes; 3) that Northwest was the legal owner and holder of the notes; and 4) that a certain balance was due and owing on the notes. *See Clark*, 658 S.W.2d at 295.

Northwest offered the notes as its summary judgment evidence and further established its cause of action through the affidavit of the Executive Vice President of Northwest.

It does not matter whether the note was due March 5, 1984 or March 5, 1985. Suit was filed March 27, 1985, and at that time the notes *were* due and payable. Therefore, summary judgment as to liability was proper.

The summary judgment as to the amount of damages can also be affirmed. Northwest prayed for payment of: 1) the principal amount of the two notes ($202,016.40 total); 2) contractual interest on the two notes to maturity ($2,404.11 and $4,898.81); 3) pre-judgment interest at the rate set in the contract of 18% per year; and 4) post-judgment interest at the rate of 18% per year.

The judgment did not award pre-judgment interest to Northwest. Further, the judgment was incorrect in: 1) its recital of the due date of note # 119008 as March 17 rather than March 5; and 2) its redundancy in awarding contractual interest to maturity. The judgment, in relevant part is as follows:

> It is ... ORDERED ... that ... NORTHWEST ... recover....
> FROM THE DEFENDANT, DANIELL MOTOR COMPANY, the sum of $141,-915.21, plus interest to the date of maturity, being March 17, 1985 at 14.5% per annum, post judgment interest at the rate of 18% per annum after maturity, as provided for in said note and attorney's fees in the amount of $7,095.76, and, FROM THE DEFENDANT, DOUG DANIELL, the sum of $67,404.11 plus interest to date of maturity being March 5, 1985 at the rate of 15%, post judgment interest at the rate of 18% per annum after maturity, as provided for in said

note, and attorney's fees in the amount of $3,352.02.

First of all, concerning the failure of the trial court to award pre-judgment interest, we cannot change this and award it on our own motion. No error of the trial court was even alleged by Northwest, so this part of the judgment stands. *See Transamerica Insurance Company v. Hardin*, 437 S.W.2d 443, 444 (Tex.Civ.App. —Fort Worth 1969, writ ref'd n.r.e.). We also cannot change the misrecital of the date of maturity in note # 119008 for the same reason. *See id.*

The judgment is also redundant concerning the award of contractual interest to maturity. The principal amounts of the two notes were $65,000.00 (for # 118109) and $137,016.40 (for # 119008). The contract interest to maturity, or "finance charges" on the two notes were $2,404.11 (for # 118109) and $4,898.81 (for # 119008). The trial court, in its judgment, ordered that Northwest was to recover from Daniell Motor Company "the sum of $141,-915.21 *plus interest to the date of maturity....*" [Emphasis ours.] The amount of $141,915.21 already includes the interest to maturity, as it is the principal sum of $137,-016.40 plus the finance charge of $4,898.81, as shown in note # 119008.

In the portion of the judgment concerning note # 118109, the trial court ordered that Northwest recover from Doug Daniell "the sum of $67,404.11 plus interest to date of maturity...." Again this award of interest to maturity was redundant in that the amount of $67,404.11 included both the principal sum of $65,000.00 plus the finance charge of $2,404.11. This double recovery cannot, of course, be recovered as it was rightfully not prayed for in the pleadings. *See* TEX.R.CIV.P. 301.

The errors in the judgment, noted earlier, are not reformable by this appellate court on its own motion. *See Transamerica Insurance Company*, 437 S.W.2d at 444. The judgment was agreed upon and approved as to both form and substance by all parties and no assignment of this error

is before us. *See id.* Errors such as these can be corrected by the trial court on motion of the parties. *See* TEX.R.CIV.P. 316.

The judgment remains affirmed.