FDIC v. Klinck                          CV-91-614-B    08/20/93

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Federal Deposit Insurance Corporation,
 as Receiver for BankEast

    v.                                  Civil No. 91-614-B

Christopher Klinck, et al.


O R D E R


    The Federal Deposit Insurance Corporation ("FDIC"), receiver
for the failed BankEast, has brought claims against Mary
Constance Waller and Christopher Klinck to recover for non-
payment on a line of credit extended to them by BankEast ("the
Bank").  Waller has asserted various defenses to the FDIC's
claims and has filed a counterclaim against the FDIC.[1]  The FDIC
has moved for summary judgment against both Klinck and Waller.
Klinck has assented to entry of judgment against him on the
FDIC's motion.  Waller, however, objects.  On January 25, 1993,
Magistrate Judge Arenas recommended that the FDIC be granted
summary judgment on its claims against both Klinck and Waller and

---

[1] Waller and Klinck have also asserted cross-claims against
each other.

on Waller's counter-claim against the FDIC. I affirm the Magistrate Judge's recommendation.

## FACTS[2]

Mary Constance Waller and Christopher Klinck lived together from 1978-1989. On December 9, 1986, they received a $50,000 line of credit from the Bank, mortgaging Waller's home as security. The demand note states: "for value received Christopher Klinck and Mary Constance Waller with a principal place of residence located in Starksboro, VT promise[] to pay on demand to the order of the Bank . . . the principal sum of fifty-thousand dollars or so much thereof as has been advanced, plus interest . . . ." Without the knowledge or permission of Waller, Klinck requested an advance of $46,000. The Bank's records contain a copy of a notice addressed to both co-defendants informing them of the disbursal of funds under the note. Waller claims that she never received this notice, nor did she receive the benefit of the advance. In 1989, Waller and Klinck dissolved their relationship and signed a contract which

_____

[2] The facts are stated in the light most favorable to Waller.

divided their property and left Waller in possession of the house which they had mortgaged to secure the line of credit. When she agreed to the property settlement, Waller did not know of the Bank's advance to Klinck. Instead, she learned of the advance when the Bank notified her of Klinck's default and sought to foreclose on her residence.

The Bank commenced this action in state court. The matter was removed to federal court after the FDIC was appointed to act as the Bank's receiver.

## DISCUSSION

As defenses to the FDIC's collection effort, Waller asserts that (1) the Bank breached its obligations under the contract by disbursing funds to Klinck without her knowledge or consent; (2) she is not jointly and severally liable on the note; and (3) the Bank breached its duty of good faith and fair dealing by disbursing funds to Klinck without her knowledge or consent.[3]

---

[3] On August 2, 1993, without moving to amend her counterclaim, Waller filed a supplemental memorandum of law arguing that the FDIC violated the Federal Truth in Lending Act. This new claim is untimely and raises new legal issues never addressed by Waller in the three and one-half year litigation of this case. Consideration of the memorandum this late in the day would be patently unfair to the opposing party. Accordingly, I

3

She also asserts a counter-claim alleging that the Bank's disbursement of funds to Klinck without her knowledge or consent was unfair and deceptive, in violation of the Consumer Protection Act, N.H. Rev. Stat. Ann. ("RSA") 358-A. The FDIC, however, argues that summary judgment is appropriate with respect to these claims because: (1) certain of Waller's claims are barred by the D'Oench Doctrine;[4] and (2) no reasonable finder of fact could find for Waller on the merits of her contentions. For the reasons that follow, I find that Waller's claims are not barred by D'Oench, but that summary judgment is appropriate because no reasonable finder of fact could conclude that the Bank breached its obligations as to Waller based on the evidence provided.

A. Breach of Contract

Waller argues that she is not liable for disbursements made to Klinck because the Bank breached its contractual duty to

_____

deny Defendant Waller's Motion to Allow Filing of a Supplemental Memorandum of Law (document no. 27) and will not consider the Memorandum.

[4] D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942) and its progeny bar affirmative claims as well as defenses asserted against the FDIC when they are premised upon oral agreements and written agreements which fail to meet the standards set forth in the codification of the doctrine, 12 U.S.C.A. 1823(e)(West 1989). Timberland Design, Inc. v. First Serv. Bank for Sav., 932 F.2d 46, 49 (1st Cir. 1991).

4

obtain her consent before making such disbursements. The terms of the note, however, do not condition the Bank's right to advance funds on Waller's approval. Nor does it require that Waller receive notice of a disbursement. Further, Waller has failed to identify any other document that creates a contractual obligation on the part of the Bank to notify her or obtain her consent before making disbursements to Klinck. Merely asserting that the disbursements were unlawful will not sustain Waller's burden under the summary judgment standard. Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, although she now states that she intended that the contract would require notice and approval before disbursement could be made, I will not go beyond the unambiguous language of the contract documents to discern the parties' intent based on Waller's "unmanifested state[] of mind." See Tentindo v. Locke Lake Colony Ass'n, 120 N.H. 593, 599 (1980); Kilroe v. Troast, 117 N.H. 598, 601 (1977).

B. Joint and Several Liability

Waller also argues that there is a material fact in dispute precluding the entry of summary judgment because the note is ambiguous concerning whether Waller and Klinck are to be held jointly and severally liable for sums advanced under the note.

This argument is unavailing because Waller and Klinck both signed the note as makers. Under these circumstances, Waller and Klinck are jointly and severally liable for obligations under the note as a matter of law. See FDIC v. Blanton, 918 F.2d 524, 534 (5th Cir. 1990); Jett v. Phillips & Assoc., 439 F.2d 987, 990 (10th Cir. 1991); Clark v. Dedina, 658 S.W.2d 293, 298 (Tex. App. 1983).

C. Good Faith and Fair Dealing Defense
   and Consumer Protection Act Claims

The FDIC argues that Waller's good faith and fair dealing defense and her Consumer Protection Act counter-claim are barred by the D'Oench Doctrine. I disagree. While it is true that many claims for breach of good faith and fair dealing and some Consumer Protection Act claims will be barred if brought against the FDIC, some claims are not. See, e.g., FDIC v. Nenni Builders, No. 91-626-B, slip op. at 16 (D.N.H. Mar. 12, 1993)(good faith and fair dealing claim not barred because Bank's alleged bad faith in exercising discretion delegated to Bank under contract does not depend upon oral agreement); Vitale v. FDIC, No. 91-460-JD slip op. at 20 (D.N.H. 1993)(claims under Consumer Protection Act barred only to the extent that they rest on an unrecorded agreement).

6

In *Centronics Corp. v. Genicom Corp.*, 132 N.H. 133, 139 (1989), the New Hampshire Supreme Court identified three categories of good faith and fair dealing claims, two of which are frequently the subject of litigation in FDIC cases. The first category of claims deal with contract formation. *Id.* Such claims are based upon unrecorded representations that are clearly barred by *D'Oench*. *See Timberland Design, Inc.*, 932 F.2d at 48. The second category concerns claims that are based upon an allegation that a party has abused discretion that was delegated to it under a contract. *Centronics*, 132 N.H. at 139. To the extent such claims are based upon evidence of unrecorded communications, they too are barred by *D'Oench*. *See Timberland*, 932 F.2d at 48. However, if a bank's alleged abuse of discretion can be established without reference to unrecorded agreements among the parties, a good faith and fair dealing claim based upon an alleged abuse of discretion is not barred by *D'Oench*. *See id.* Similarly, Consumer Protection Act claims will be barred by *D'Oench* only if they are based upon unrecorded agreements between the parties. *See Vitale*, slip op. at 20.

Since Waller has not attempted to support either her good faith and fair dealing defense or her Consumer Protection Act claim by citing unrecorded communications among the parties, her

7

claims are not barred by <u>D'Oench</u>.  Nevertheless, summary judgment
is warranted here because Waller has failed to produce any
evidence to support her claim that the Bank acted improperly by
disbursing funds to Klinck without her notice and consent.  Thus,
even though the note vested the Bank with discretion concerning
the matters of notice and consent, Waller has produced
insufficient evidence in opposition to the FDIC's motion for
summary judgment to justify a finding by a rational finder of
fact that the Bank either breached its duty of good faith and
fair dealing or violated its obligations to Waller under the
Consumer Protection Act.[5]

---

[5] The function of summary judgment is to pierce through the
formal allegations of facts in the pleadings and determine
whether a trial is necessary.  <u>See</u> <u>Hahn v. Sargent</u>, 523 F.2d 461,
464 (1st Cir. 1975), <u>cert. denied</u>, 425 U.S. 904 (1976); Rule 56
Fed. R. Civ. P. Advisory Committee's Note to the 1963 Amendment.
It is appropriate "if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to a judgment
as a matter of law."  Fed. R. Civ. P. 56(c).  The burden is upon
the moving party to establish the lack of a genuine, material,
factual issue, <u>Finn v. Consolidated Rail Corp.</u>, 732 F.2d 13, 15
(1st Cir. 1986), and the court must view the record in the light
most favorable to the non-movant, according the non-movant all
beneficial inferences discernable from the evidence, <u>Oliver v.
Digital Equipment Corp.</u>, 846 F.2d 103, 105 (1st Cir. 1988).  If a
motion for summary judgment is properly supported, the burden of
proof shifts to the non-movant to show that a genuine issue
exists.  <u>Donovan v. Agnew</u>, 712 F.2d 1509, 1516 (1st Cir. 1983).

## CONCLUSION

I affirm the Magistrate Judge's January 25, 1993 Report and Recommendation (document no. 17) granting the FDIC's Motions for Summary Judgment (document nos. 8 and 9). Waller's Motion to Allow Filing of a Supplemental Memorandum of Law (document no. 27) is denied, and the FDIC's Motion to Strike (document no. 26) is moot. Since the only matters remaining are the cross-claims between Klinck and Waller which raise only questions of state law, these claims are remanded to state court. Carnegie-Mellon University v. Cohill, 484 U.S 343, 350 (1988); Newman v Burgin, 930 F.2d 955, 963 (1st Cir. 1991).

The Clerk is directed to enter judgment for the FDIC with respect to its claims against Waller and Klinck and with respect to Waller's counter-claim against the FDIC. The cross-claims between Waller and Klinck are remanded to state court.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 20, 1993

cc: Thomas J. Donovan, Esq.
    William B. Parnell, Esq.
    James P. Bassett, Esq.

9