Opinion issued May 12,
2011



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-10-00020-CV

————————————

Wells Fargo Bank, N.A., as trustee under the pooling
and servicing agreement dated as of November 1, 2004 asset-backed pass-through
certificates series 2004-WHQ2, Appellant

V.

Laureano A. Ballestas and Herminia
Ballestas,
Appellees

 



 



 

On Appeal from 55th District Court

Harris
County, Texas



Trial Court Cause No. 2009-34409

 



 

O
P I N I O N

A bank lost a
trial against the owners of a home because it failed to prove that it owned the
note on which it sought to foreclose. 
The bank then sued the owners again, contending once more that it owned
the disputed note.  The owners responded
that the bank’s claims are barred by res judicata and collateral estoppel.  The trial court agreed and granted summary
judgment.

Wells Fargo Bank, N.A., as trustee
under the pooling and servicing agreement dated as of November 1, 2004
asset-backed pass-through certificates series 2004-WHQ2 (“Wells Fargo”),
appeals the trial court’s summary judgment granted in favor of appellees,
Laureano A. Ballestas and Herminia Ballestas. 
Wells Fargo contends that the trial court erred by granting summary
judgment because the prior final judgment is void for lack of subject-matter
jurisdiction and because res judicata and collateral estoppel are inapplicable.  We conclude that the prior judgment is not
void, that Wells Fargo’s claims are barred by res judicata, and that it is
collaterally estopped from relitigating
the issue of its ownership of the promissory note.  We therefore affirm.

Background

          In September 2004, the Ballestas
executed a 30-year promissory note in the amount of $92,000, with interest
payable in monthly installments beginning with December 2004.  A deed of trust, dated the same day, created
a lien on the Ballestas’ homestead to secure the payment of the promissory
note.  Wells Fargo contends that the
holder of the promissory note assigned it and the deed of trust to Wells
Fargo.  According to Wells Fargo, the
Ballestas failed to pay the monthly installment payments due on and after March
2007, and it accelerated the entire debt due under the note.

          In November 2007, Wells Fargo filed an
application seeking a court order allowing it to proceed with an expedited,
non-judicial foreclosure of the mortgage lien.[1]  The proceeding was assigned to the 55th
District Court.[2]  In February 2008, the 55th District Court
abated and dismissed the expedited foreclosure proceeding after the Ballestas
filed a separate petition contesting Wells Fargo’s right to foreclose.[3]

          The second proceeding was assigned to
the 280th District Court.[4]  The Ballestas requested a declaratory
judgment that Wells Fargo did not own the promissory note and thus it did not
have standing or a right to foreclose. 
The Ballestas requested a judgment declaring the lien invalid and declaring
that Wells Fargo had forfeited the principal and interest on the loan, and they
sought to quiet title to their homestead.

          Wells Fargo counterclaimed.  It requested declaratory judgments that (1)
it was the owner and holder of the promissory note and the beneficiary of the
deed of trust; (2) the promissory note had not been paid in full; (3) the
promissory note complied in all respects with section 50(a)(6), article XVI of
the Texas Constitution; and (4) the promissory note and deed of trust
constituted a valid and existing lien and encumbrance on the Ballestas’
homestead.  Wells Fargo requested a court
order for non-judicial or alternatively judicial foreclosure.

          The 280th District Court conducted a
bench trial, in which the parties presented evidence concerning the issue of
Wells Fargo’s ownership of the promissory note. 
That court rendered a final judgment upon “consider[ation] [of] the
pleadings and official records on file in this cause, the evidence presented,
and the parties’ arguments . . . .” 
In its judgment, the court declared that (1) Wells Fargo “lacks standing
[to foreclose] because it does not own a note secured by [the Ballestas’]
homestead” and (2) Wells Fargo “does not have a right to foreclose on [the
Ballestas’] homestead[.]”  The court
further ordered, “[A]ll other claims between [Wells Fargo] and [the Ballestas] are
hereby dismissed[.]”  Finally, the court
stated, “The entire remainder of this lawsuit, if any remains after the order
made above, is DISMISSED without prejudice.” 
Wells Fargo did not move for new trial nor to modify or vacate the
judgment.  It did not appeal.  

          Instead, on the same day the 280th
District Court issued its judgment, Wells Fargo filed a separate petition
against the Ballestas, which the district clerk assigned to the 55th District
Court—the trial court in this case.[5]
 Wells Fargo asserted the same claims that
it had asserted as counterclaims in the prior proceeding.  Wells Fargo also claimed that the Ballestas
committed breach of contract by missing monthly installment payments due under the
promissory note and failing to pay the accelerated, remaining balance due on
the note, plus interest, late charges, fees, and costs.  

          The Ballestas filed a motion for
traditional summary judgment, contending that res judicata precludes Wells
Fargo from pursuing the claims that it asserted in the previous proceeding as
well as the contract claim that it could have asserted.  The Ballestas also contended that collateral
estoppel precludes Wells Fargo from relitigating the issue of its ownership of
the promissory.  The Ballestas noted that
Wells Fargo had not alleged the existence of any new fact or evidence arising
after rendition of the prior judgment. 
Finally, the Ballestas contended that all of Wells Fargo’s causes of
action are predicated on its assertion that it owns the promissory note.

          Wells Fargo responded, contending that
res judicata and collateral estoppel are inapplicable to a ruling on standing,
that the prior final judgment was not a judgment on the merits, and that the issue
of its lack of standing was not fully and fairly litigated.

          The trial court granted summary
judgment in favor of the Ballestas.  The
trial court ordered that res
judicata bars Wells Fargo’s claims and that Wells Fargo is collaterally estopped
from relitigating the issue of its ownership of the promissory note.

Standard
of Review

An appellate court reviews de novo a trial court’s ruling on
a summary judgment motion.  Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  To succeed on a summary judgment motion under
Texas Rule of Civil Procedure 166a(c), a movant must establish that there is no
genuine issue of material fact so that the movant is entitled to judgment as a
matter of law.  Tex. R. Civ. P. 166a(c); Randall’s
Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  To conclusively establish a matter, the
movant must show that reasonable minds could not differ as to the conclusion to
be drawn from the evidence.  City of Keller v. Wilson, 168 S.W.3d
802, 814 (Tex. 2005).  The evidence is
reviewed in the light most favorable to the non-movant, crediting favorable
evidence if reasonable jurors could and disregarding contrary evidence unless
reasonable jurors could not.  Mann Frankfort Stein, 289 S.W.3d at 848
(citing City of Keller, 168 S.W.3d at
827). 

Void
for Lack of Standing

          Wells Fargo contends that the prior
final judgment is void on its face as a matter of law because it lacked
standing to sue, a necessary component of subject-matter jurisdiction.  

          A.      Applicable Law

          A void judgment is subject to
collateral attack.  Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 863 (Tex. 2010).  A trial court’s judgment is void if the court
lacked jurisdiction over the subject matter of the claim.  Id.  A trial court has jurisdiction over the
subject matter of a claim only if the claimant has standing to assert the
claim. 
Joachim, 315 S.W.3d at 865. 
“The issue of standing focuses on whether a party has a sufficient
relationship with the lawsuit so as to have a ‘justiciable interest’ in its
outcome . . . .”  Austin Nursing Ctr., Inc. v. Lovato, 171
S.W.3d 845, 848 (Tex. 2005).  Generally,
a party has standing to assert a claim only if (1) there is a real controversy
between him and the party against whom the claim is asserted and (2) that
controversy will be actually determined by the judicial declaration
sought.  Id. at 849.

          B.      Analysis

          “To collect on a promissory note, a
plaintiff must establish:  (1) the
existence of the note in question, (2) the defendant signed the note, (3) the
plaintiff is the owner and holder of the note, and (4) a certain balance is due
and owing on the note.”  Cadle Co. v. Regency Homes, Inc., 21
S.W.3d 670, 674 (Tex. App.—Austin 2000, pet. denied); see Clark v. Dedina, 658 S.W.2d 293, 295 (Tex. App.—Houston [1st
Dist.] 1983, writ dism’d).

          In the prior proceeding, there was a
real controversy between the Ballestas and Wells Fargo as to whether or not
Wells Fargo could collect on the promissory note by foreclosing on the
Ballestas’ homestead.  Because Wells
Fargo’s ownership of the promissory note was an essential element of its right
to collect, whether by foreclosure or otherwise, this controversy would be determined
by a judgment that Wells Fargo did not own the promissory note.  See
Cadle, 21 S.W.3d at 674; Clark, 658 S.W.2d at 295.  The Ballestas thus had standing to seek
declaratory judgment that Wells Fargo did not own the promissory note and did
not have a right to foreclose.  See Lovato, 171 S.W.3d at 849.  Because the Ballestas had standing, the 280th
District Court had subject-matter jurisdiction to determine that Wells Fargo
did not own the promissory note and did not have a right to foreclose.  See
Joachim, 315 S.W.3d at 863, 865.

          In response, Wells Fargo contends that
the 280th District Court’s reference to standing indicates that the court
lacked subject-matter jurisdiction to render a final judgment.  We reject this contention.  “[T]he question of whether a party is
entitled to sue on a contract is sometimes informally referred to as an issue
of standing.”  Ashford Partners, Ltd. v. Eco Res., Inc., No. 01-09-00809-CV, 2010
WL 2991118, at *3 (Tex. App.—Houston [1st Dist.] July 29, 2010, pet. filed); see Yasuda Fire & Marine Ins. Co. of Am.
v. Criaco, 225 S.W.3d 894, 898 (Tex. App.—Houston [14th Dist.] 2007, no
pet.).  “Nevertheless, . . .
the issue does not affect the court’s jurisdiction, [and] it is not truly one
of standing, but one on the merits of the contract claim itself.”  Ashford
Partners, 2010 WL 2991118, at *3 (citing Criaco, 225 S.W.3d at 898).  Because
ownership of the promissory note was an essential element of Wells Fargo’s right
to collect on it, see Cadle, 21
S.W.3d at 674; Clark, 658 S.W.2d at
295, the 280th District Court’s determination that Wells Fargo did not own the
promissory note is a determination on the merits, not one of jurisdiction.  See
Ashford Partners, 2010 WL 2991118, at *3; Criaco, 225 S.W.3d at 898. 
Thus, the prior final judgment is not void.

Res
Judicata and Collateral Estoppel

          Wells Fargo contends that the
doctrines of res judicata and collateral estoppel are inapplicable to the
underlying judgment.

          A.      Res
Judicata (Claim Preclusion)

          Under the doctrine of res judicata, a
party is precluded from litigating a claim in a pending action if (1) in a
previous action, a court of competent jurisdiction rendered a final determination
on the merits of a claim, (2) the parties that litigated the prior claim are
identical to or in privity with the parties litigating the pending claim, and
(3) the pending claim (a) is identical to the prior claim or (b) arises out of
the same subject matter as the prior claim and could have been litigated in the
previous action.  Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010).  

          Wells Fargo contends that the doctrine
of res judicata is inapplicable, citing cases that involve
jurisdictional-standing challenges.  See In
re H.B.N.S., No. 14-05-00410-CV, 2007 WL 2034913, at *5 (Tex. App.—Houston
[14th Dist.] July 17, 2007, pet. denied) (mem. op.) (“A decision concerning
whether a party has standing is not a decision deciding the merits of a case.”).
 In
re H.B.N.S. is inapposite to this case because it concerns standing as a
component of subject-matter jurisdiction. 
See id. at *8–9.  In contrast, the 280th District Court
determination that Wells Fargo lacks “standing” was a determination on the
merits, that Wells Fargo did not own the note. 
See Ashford Partners, 2010 WL
2991118, at *3; Criaco, 225 S.W.3d at
898.  The 280th District Court’s
dismissal of Wells Fargo’s claims was a determination on the merits of an
essential element:  ownership of the promissory
note.  See Cadle, 21 S.W.3d at
674; Clark, 658 S.W.2d at 295.  Being a determination on the merits, the
prior final judgment bars the same claims in the present action under the
doctrine of res judicata.  See Joachim 315 S.W.3d at 862.  Res judicata likewise bars Wells Fargo’s newly
asserted contract claim, which concerns the same promissory note and the same allegation
of the Ballestas’ failure to pay the accelerated, remaining balance.  See id.  Wells Fargo does not dispute that it could
have asserted this claim in the prior proceeding.

          B.      Collateral
Estoppel (Issue Preclusion)

Under the doctrine of collateral estoppel, a party is
precluded from raising an issue in a pending action if in a previous action,
(1) the party was cast as an adversary with respect to the same issue, (2) that
issue was fully and fairly litigated, and (3) that issue was essential to the
judgment rendered.  John G. & Marie Stella Kenedy Mem’l Found. v. Dewhurst, 90
S.W.3d 268, 288 (Tex. 2002); Texas Dept.
of Pub. Safety v. Petta, 44 S.W.3d 575, 579 (Tex. 2001).

Wells Fargo asserts that collateral estoppel is inapplicable
to rulings on standing as a matter of law. 
But, the trial court did not order that Wells Fargo is collaterally
estopped from relitigating the issue of its standing as a component of
subject-matter jurisdiction.  Rather, it
ordered that Wells Fargo was collaterally estopped from relitigating the issue
of its ownership of the promissory note because the parties litigated that very
issue in the prior proceeding.  Ownership
of the promissory note was not merely a jurisdictional fact but was an
essential element of Wells Fargo’s request for a court order for foreclosure
and of the Ballestas’ claim for a declaratory judgment that Wells Fargo did not
own the note, decided on the merits.

Wells Fargo also asserts that “[a]t no point were the
. . . facts of the case ‘fully and fairly’ litigated in the first
action.”  Contrary to Wells Fargo’s assertion,
the prior final judgment states that it was entered after a trial in the cause
was held on May 5, 2009 and upon “considering the pleadings and official
records on file in this cause, the evidence presented, and the parties’
arguments . . . .”  We conclude
that the record shows that the issue of Wells Fargo’s ownership of the promissory
note was fully and fairly litigated. 
Accordingly, we conclude that the trial court properly determined that
Wells Fargo is collaterally estopped from relitigating the issue of its
ownership of the promissory note based upon evidence of any assignment prior to
May 5, 2009.  See John G. & Marie
Stella Kenedy Mem’l Found., 90 S.W.3d at 288; Petta, 44 S.W.3d at 579. 

Conclusion

 

We hold that the trial court properly
granted summary judgment on the bases of res judicata and collateral estoppel.  We therefore affirm the judgment of the trial
court.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.











[1]           See Tex.
Const. art. XVI, § 50(a)(6), Tex.
R. Civ. P. 736(1).





[2]           In re: Order for Foreclosure Concerning
Herminia Ballesta, Laureano A. Ballestas, and 7926 Glenscott St., Houston,
Texas 77061, No. 2007-68782 (55th Dist. Ct., Harris County, Tex. Feb. 18,
2008).





[3]           See Tex.
R. Civ. P. 736(10) (“A proceeding under Rule 736 is automatically abated
if, before the signing of the order, notice is filed with the clerk of the
court in which the application is pending that respondent has filed a petition
contesting the right to foreclose in a district court in the county where the
application is pending. A proceeding that has been abated shall be
dismissed.”).





[4]           Ballestas v. Wells Fargo Bank, N.A., No.
2008-09493 (280th Dist. Ct., Harris County, Tex. May 29, 2009).





[5]           Wells Fargo Bank, N.A. v. Ballestas, No.
2009-34409 (55th Dist. Ct., Harris County, Tex. Oct. 14, 2009).