WELLS FARGO BANK, N.A., as Trustee Under the Pooling and Servicing Agreement Dated as of November 1, 2004 Asset–Backed Pass–Through Certificates Series 2004–WHQ2, Appellant,

v.

Laureano A. BALLESTAS and Herminia Ballestas, Appellees.

No. 01–10–00020–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 12, 2011.

David W. Gaughan, Gaughan, Stone & Thiagarajan, Houston, TX, for Appellant.

Heather Keegan, Sonia Lopez, Lone Star Legal Aid, Conroe, TX, for Appellees.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

A bank lost a trial against the owners of a home because it failed to prove that it owned the note on which it sought to foreclose. The bank then sued the owners again, contending once more that it owned the disputed note. The owners responded that the bank's claims are barred by res judicata and collateral estoppel. The trial court agreed and granted summary judgment.

Wells Fargo Bank, N.A., as trustee under the pooling and servicing agreement dated as of November 1, 2004 asset-backed pass-through certificates series 2004–WHQ2 ("Wells Fargo"), appeals the trial court's summary judgment granted in favor of appellees, Laureano A. Ballestas and Herminia Ballestas. Wells Fargo contends that the trial court erred by granting summary judgment because the prior final judgment is void for lack of subject-matter jurisdiction and because res judicata and collateral estoppel are inapplicable. We conclude that the prior judgment is not void, that Wells Fargo's claims are barred by res judicata, and that it is collaterally estopped from relitigating the issue of its ownership of the promissory note. We therefore affirm.

## Background

In September 2004, the Ballestas executed a 30–year promissory note in the amount of $92,000, with interest payable in monthly installments beginning with December 2004. A deed of trust, dated the same day, created a lien on the Ballestas' homestead to secure the payment of the promissory note. Wells Fargo contends that the holder of the promissory note assigned it and the deed of trust to Wells Fargo. According to Wells Fargo, the Ballestas failed to pay the monthly installment payments due on and after March 2007, and it accelerated the entire debt due under the note.

In November 2007, Wells Fargo filed an application seeking a court order allowing it to proceed with an expedited, non-judicial foreclosure of the mortgage lien.[1] The proceeding was assigned to the 55th District Court.[2] In February 2008, the 55th District Court abated and dismissed the expedited foreclosure proceeding after the Ballestas filed a separate petition contesting Wells Fargo's right to foreclose.[3]

---

1. *See* Tex Const. art. XVI, § 50(a)(6), Tex R. Civ. P. 736(1).

2. *In re: Order for Foreclosure Concerning Herminia Ballesta, Laureano A. Ballestas, and 7926 Glenscott St., Houston, Texas 77061*, No. 2007–68782 (55th Dist. Ct., Harris County, Tex. Feb. 18, 2008).

3. *See* Tex R. Civ. P. 736(10) ("A proceeding under Rule 736 is automatically abated if, before the signing of the order, notice is filed with the clerk of the court in which the application is pending that respondent has filed a petition contesting the right to foreclose in a district court in the county where the applica-

The second proceeding was assigned to the 280th District Court.[4] The Ballestas requested a declaratory judgment that Wells Fargo did not own the promissory note and thus it did not have standing or a right to foreclose. The Ballestas requested a judgment declaring the lien invalid and declaring that Wells Fargo had forfeited the principal and interest on the loan, and they sought to quiet title to their homestead.

Wells Fargo counterclaimed. It requested declaratory judgments that (1) it was the owner and holder of the promissory note and the beneficiary of the deed of trust; (2) the promissory note had not been paid in full; (3) the promissory note complied in all respects with section 50(a)(6), article XVI of the Texas Constitution; and (4) the promissory note and deed of trust constituted a valid and existing lien and encumbrance on the Ballestas' homestead. Wells Fargo requested a court order for non-judicial or alternatively judicial foreclosure.

The 280th District Court conducted a bench trial, in which the parties presented evidence concerning the issue of Wells Fargo's ownership of the promissory note. That court rendered a final judgment upon "consider[ation] [of] the pleadings and official records on file in this cause, the evidence presented, and the parties' arguments . . . ." In its judgment, the court declared that (1) Wells Fargo "lacks standing [to foreclose] because it does not own a note secured by [the Ballestas'] homestead" and (2) Wells Fargo "does not have a right to foreclose on [the Ballestas'] homestead[.]" The court further ordered, "[A]ll other claims between [Wells Fargo] and [the Ballestas] are hereby dismissed[.]" Finally, the court stated, "The entire remainder of this lawsuit, if any remains after the order made above, is DISMISSED without prejudice." Wells Fargo did not move for new trial nor to modify or vacate the judgment. It did not appeal.

Instead, on the same day the 280th District Court issued its judgment, Wells Fargo filed a separate petition against the Ballestas, which the district clerk assigned to the 55th District Court—the trial court in this case.[5] Wells Fargo asserted the same claims that it had asserted as counterclaims in the prior proceeding. Wells Fargo also claimed that the Ballestas committed breach of contract by missing monthly installment payments due under the promissory note and failing to pay the accelerated, remaining balance due on the note, plus interest, late charges, fees, and costs.

The Ballestas filed a motion for traditional summary judgment, contending that res judicata precludes Wells Fargo from pursuing the claims that it asserted in the previous proceeding as well as the contract claim that it could have asserted. The Ballestas also contended that collateral estoppel precludes Wells Fargo from relitigating the issue of its ownership of the promissory. The Ballestas noted that Wells Fargo had not alleged the existence of any new fact or evidence arising after rendition of the prior judgment. Finally, the Ballestas contended that all of Wells Fargo's causes of action are predicated on its assertion that it owns the promissory note.

tion is pending. A proceeding that has been abated shall be dismissed.").

4. *Ballestas v. Wells Fargo Bank, N.A.*, No. 2008–09493, 2009 WL 3260163 (280th Dist. Ct., Harris County, Tex. May 29, 2009).

5. *Wells Fargo Bank, N.A. v. Ballestas*, No. 2009–34409(55th Dist. Ct., Harris County, Tex. Oct. 14, 2009).

Wells Fargo responded, contending that res judicata and collateral estoppel are inapplicable to a ruling on standing, that the prior final judgment was not a judgment on the merits, and that the issue of its lack of standing was not fully and fairly litigated.

The trial court granted summary judgment in favor of the Ballestas. The trial court ordered that res judicata bars Wells Fargo's claims and that Wells Fargo is collaterally estopped from relitigating the issue of its ownership of the promissory note.

## Standard of Review

An appellate court reviews de novo a trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex.2009). To succeed on a summary judgment motion under Texas Rule of Civil Procedure 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). To conclusively establish a matter, the movant must show that reasonable minds could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson,* 168 S.W.3d 802, 814 (Tex.2005). The evidence is reviewed in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein,* 289 S.W.3d at 848 (citing *City of Keller,* 168 S.W.3d at 827).

## Void for Lack of Standing

■ Wells Fargo contends that the prior final judgment is void on its face as a matter of law because it lacked standing to sue, a necessary component of subject-matter jurisdiction.

### A. Applicable Law

■ A void judgment is subject to collateral attack. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 863 (Tex.2010). A trial court's judgment is void if the court lacked jurisdiction over the subject matter of the claim. *Id.* A trial court has jurisdiction over the subject matter of a claim only if the claimant has standing to assert the claim. *Joachim,* 315 S.W.3d at 865. "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome . . . ." *Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 848 (Tex. 2005). Generally, a party has standing to assert a claim only if (1) there is a real controversy between him and the party against whom the claim is asserted and (2) that controversy will be actually determined by the judicial declaration sought. *Id.* at 849.

### B. Analysis

■ "To collect on a promissory note, a plaintiff must establish: (1) the existence of the note in question, (2) the defendant signed the note, (3) the plaintiff is the owner and holder of the note, and (4) a certain balance is due and owing on the note." *Cadle Co. v. Regency Homes, Inc.,* 21 S.W.3d 670, 674 (Tex.App.-Austin 2000, pet. denied); *see Clark v. Dedina,* 658 S.W.2d 293, 295 (Tex.App.-Houston [1st Dist.] 1983, writ dism'd).

In the prior proceeding, there was a real controversy between the Ballestas and Wells Fargo as to whether or not Wells Fargo could collect on the promissory note by foreclosing on the Ballestas' homestead. Because Wells Fargo's ownership of the promissory note was an essential element of its right to collect, whether by foreclosure or otherwise, this controversy would

be determined by a judgment that Wells Fargo did not own the promissory note. *See Cadle,* 21 S.W.3d at 674; *Clark,* 658 S.W.2d at 295. The Ballestas thus had standing to seek declaratory judgment that Wells Fargo did not own the promissory note and did not have a right to foreclose. *See Lovato,* 171 S.W.3d at 849. Because the Ballestas had standing, the 280th District Court had subject-matter jurisdiction to determine that Wells Fargo did not own the promissory note and did not have a right to foreclose. *See Joachim,* 315 S.W.3d at 863, 865.

■ In response, Wells Fargo contends that the 280th District Court's reference to standing indicates that the court lacked subject-matter jurisdiction to render a final judgment. We reject this contention. "[T]he question of whether a party is entitled to sue on a contract is sometimes informally referred to as an issue of standing." *Ashford Partners, Ltd. v. Eco Res., Inc.,* No. 01–09–00809–CV, 2010 WL 2991118, at *3 (Tex.App.-Houston [1st Dist.] July 29, 2010, pet. filed); *see Yasuda Fire & Marine Ins. Co. of Am. v. Criaco,* 225 S.W.3d 894, 898 (Tex.App.-Houston [14th Dist.] 2007, no pet.). "Nevertheless, . . . the issue does not affect the court's jurisdiction, [and] it is not truly one of standing, but one on the merits of the contract claim itself." *Ashford Partners,* 2010 WL 2991118, at *3 (citing *Criaco,* 225 S.W.3d at 898). Because ownership of the promissory note was an essential element of Wells Fargo's right to collect on it, *see Cadle,* 21 S.W.3d at 674; *Clark,* 658 S.W.2d at 295, the 280th District Court's determination that Wells Fargo did not own the promissory note is a determination on the merits, not one of jurisdiction. *See Ashford Partners,* 2010 WL 2991118, at *3; *Criaco,* 225 S.W.3d at 898. Thus, the prior final judgment is not void.

## Res Judicata and Collateral Estoppel

■ Wells Fargo contends that the doctrines of res judicata and collateral estoppel are inapplicable to the underlying judgment.

### A. Res Judicata (Claim Preclusion)

■ Under the doctrine of res judicata, a party is precluded from litigating a claim in a pending action if (1) in a previous action, a court of competent jurisdiction rendered a final determination on the merits of a claim, (2) the parties that litigated the prior claim are identical to or in privity with the parties litigating the pending claim, and (3) the pending claim (a) is identical to the prior claim or (b) arises out of the same subject matter as the prior claim and could have been litigated in the previous action. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex.2010).

Wells Fargo contends that the doctrine of res judicata is inapplicable, citing cases that involve jurisdictional-standing challenges. *See In re H.B.N.S.,* No. 14–05–00410–CV, 2007 WL 2034913, at *5 (Tex. App.-Houston [14th Dist.] July 17, 2007, pet. denied) (mem. op.) ("A decision concerning whether a party has standing is not a decision deciding the merits of a case."). *In re H.B.N.S.* is inapposite to this case because it concerns standing as a component of subject-matter jurisdiction. *See id.* at *8–9. In contrast, the 280th District Court determination that Wells Fargo lacks "standing" was a determination on the merits, that Wells Fargo did not own the note. *See Ashford Partners,* 2010 WL 2991118, at *3; *Criaco,* 225 S.W.3d at 898. The 280th District Court's dismissal of Wells Fargo's claims was a determination on the merits of an essential element: ownership of the promissory note. *See Cadle,* 21 S.W.3d at 674; *Clark,* 658 S.W.2d at 295. Being a determination on the merits, the prior final judgment bars the same claims in the present action

under the doctrine of res judicata. *See Joachim* 315 S.W.3d at 862. Res judicata likewise bars Wells Fargo's newly asserted contract claim, which concerns the same promissory note and the same allegation of the Ballestas' failure to pay the accelerated, remaining balance. *See id.* Wells Fargo does not dispute that it could have asserted this claim in the prior proceeding.

### B. Collateral Estoppel (Issue Preclusion)

■■■■■ Under the doctrine of collateral estoppel, a party is precluded from raising an issue in a pending action if in a previous action, (1) the party was cast as an adversary with respect to the same issue, (2) that issue was fully and fairly litigated, and (3) that issue was essential to the judgment rendered. *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst,* 90 S.W.3d 268, 288 (Tex.2002); *Texas Dept. of Pub. Safety v. Petta,* 44 S.W.3d 575, 579 (Tex.2001).

Wells Fargo asserts that collateral estoppel is inapplicable to rulings on standing as a matter of law. But, the trial court did not order that Wells Fargo is collaterally estopped from relitigating the issue of its standing as a component of subject-matter jurisdiction. Rather, it ordered that Wells Fargo was collaterally estopped from relitigating the issue of its ownership of the promissory note because the parties litigated that very issue in the prior proceeding. Ownership of the promissory note was not merely a jurisdictional fact but was an essential element of Wells Fargo's request for a court order for foreclosure and of the Ballestas' claim for a declaratory judgment that Wells Fargo did not own the note, decided on the merits.

Wells Fargo also asserts that "[a]t no point were the ... facts of the case 'fully and fairly' litigated in the first action." Contrary to Wells Fargo's assertion, the prior final judgment states that it was

entered after a trial in the cause was held on May 5, 2009 and upon "considering the pleadings and official records on file in this cause, the evidence presented, and the parties' arguments...." We conclude that the record shows that the issue of Wells Fargo's ownership of the promissory note was fully and fairly litigated. Accordingly, we conclude that the trial court properly determined that Wells Fargo is collaterally estopped from relitigating the issue of its ownership of the promissory note based upon evidence of any assignment prior to May 5, 2009. *See John G. & Marie Stella Kenedy Mem'l Found.,* 90 S.W.3d at 288; *Petta,* 44 S.W.3d at 579.

### Conclusion

We hold that the trial court properly granted summary judgment on the bases of res judicata and collateral estoppel. We therefore affirm the judgment of the trial court.