ACCEPTED
07-14-00420-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
1/14/2015 4:20:20 PM
Vivian Long, Clerk

NO. 07-14-00420-CV

In The

# Court of Appeals

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
1/14/2015 4:20:20 PM
VIVIAN LONG
CLERK

Amarillo, Texas

------

*In re* **JOSHUA EPPS,**

*Relator.*

------

*Original Proceeding from Cause No. 2013-508,395*
*140th District Court, Lubbock County, Texas*
*Hon. Jim Bob Darnell, Respondent*

------

## RELATOR'S MOTION FOR REHEARING

------

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas  79408
(806) 765-7491 – Phone
(806) 765-0553 – Fax
LDoss@MHBA.com – Email

MCNAMARA LAW OFFICE
2108 Broadway
Lubbock, Texas  79401
(806) 747-8989 – Phone
(806) 722-2553 – Fax
McNamara_LawOffice@yahoo.com

LAWRENCE M. DOSS (LEAD COUNSEL)
*Of the Firm*  SBN 24012544

WILLIAM E. MCNAMARA, III
*Of the Firm*  SBN 00788029

ATTORNEYS FOR RELATOR

TO THE HONORABLE COURT OF APPEALS:

Pursuant to TEX. R. APP. P. 52.9, Relator, Joshua Epps ("Epps") requests the Court to reconsider its judgment and opinion of December 31, 2014, to withdraw the former opinion, and to conditionally grant mandamus relief consistent Epps' mandamus petition. In support of his Motion, Epps provides the following:

### 1. Laches serves as no valid basis for the Court's refusal to consider Epps' issues that the February 2014 order is <u>void</u>.

The Court of Appeals, *sua sponte*, denied Epps' second mandamus petition because it contends there has been an unjustified delay in bringing the original proceeding. (See Op. at 4).[1] While laches has been employed in other matters as a way to deny a review of issues in an original proceeding, that is not a relevant discussion here. Epps' first three issues before the Court showed why the district court's order is <u>void</u> as a matter of law. In fact, in one of those issues, Epps' challenge regarding a lack of standing, goes directly to the district court's <u>jurisdiction</u> to sign the order. Void orders, of course, are subject to collateral attack, and voidness due to a want of jurisdiction can be challenged with no time limit. *Travelers Ins.*

---

[1] *Citing In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009 **(original proceeding to complain of forum selection clause)**; *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366 (Tex. 1993) **(original proceeding to complain of jury waiver)**; *In re Pendragon Trans. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014) **(original proceeding regarding appointment of master)**; *International Awards v. Medina*, 900 S.W.2d 934, 935-36 (Tex. App.—Amarillo 1995) **(original proceeding involving severance of counterclaim and ruling on witness exclusion)**.

*Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex.2010); *Wells Fargo Bank, N.A. v. Ballestas*, 355 S.W.3d 187, 191 (Tex. App.–Houston [1 Dist.] 2011, no pet).

When voidness is the basis for seeking mandamus relief, laches is not an issue. On the one occasion laches was asserted by a real-party-in-interest as a basis for avoiding mandamus review for a void order, the court of appeals rejected the argument, holding:

> Since mandamus relief in the present case is premised on the entry of a void order, it would not serve the interests of justice or those of the parties to invoke laches as an excuse to ignore that order, and thus to allow the parties to expend further time and effort in connection with a lawsuit that must ultimately be dismissed * * *"

*Zimmerman v. Ottis*, 941 S.W.2d 259, 262 (Tex.App.–Corpus Christi 1996, orig. proceeding). This Court should consider the appropriateness of its decision in light of the arguments presented in the petition for mandamus.[2]

## **PRAYER**

On these bases, Relator prays that this reconsider its judgment and opinion of December 31, 2014, and to conditionally grant mandamus relief. Joshua Epps prays for such other and further relief to which he is justly entitled.

---

[2] Relator acknowledges that *appeals* asserting claims of voidness in *final judgments* can be waived by the passage of time. *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 766 n. 7 (Tex.App.-Houston [14th Dist.] 2009, no pet.). But the Court's December 31, 2014 opinion holds that the February 2014 order is not final because the court has not finally adjudicated the merits of the underlying dispute. (See Op. at 7, citing *Hoa v. Dang*, No. 01-13-00938-CV, 2014 Tex. App. LEXIS 1049, at *2 (Tex. App.—Houston [1st Dist.] January 30, 2014, pet. denied); *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006)).

3

Respectfully submitted,

By: /s/ Lawrence M. Doss
Lawrence M. Doss
State Bar No. 24012544

Lawrence M. Doss
Mullin Hoard & Brown, LLP
1500 Broadway, Ste. 700
Lubbock, Texas 79401
(806) 765-7491 tele
(806) 765-0553 fax
LDoss@mhba.com email

-AND-

William E. McNamara III
State Bar No. 00788029
2108 Broadway
Lubbock, Texas 79401
(806) 747-8989 tele
(806) 722-2553 fax
mcnamara_lawoffice@yahoo.com email

***Attorneys for Relator Joshua Epps***

## Certificate of Service

I certify that a true copy of the above was served on the Respondent, and on each attorney of record via electronic filing on this 14th day of January, 2015:

Samuel B. Silverman
***Attorney for Adoption Covenant***

Anna McKim
***Attorney for Melissa Jimenez***

/s/ Lawrence M. Doss
Lawrence M. Doss

4

# CERTIFICATE OF COMPLIANCE

I, Lawrence M. Doss, attorney for Relator, certify that this document was generated by a computer using Microsoft Word 2010, and that such word processing program indicates that the word count of this document is 574 words. TEX. R. APP. P. 9.4.

/s/ Lawrence M. Doss