

# NUMBER 13-18-00036-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KENNETH A. EVERHARD,                                                    Appellant,

v.

PLAINSCAPITAL BANK,                                                      Appellee.

On appeal from the 93rd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Rodriguez and Benavides[1]**
**Memorandum Opinion by Justice Benavides**

By three issues, appellant Kenneth Everhard challenges the trial court's granting

of appellee PlainsCapital Bank (PCB)'s motion for summary judgment.    Everhard alleges

that the trial court committed error:   (1) by granting the motion for summary judgment

---

[1] The Honorable Nelda V. Rodriguez, former Justice of this Court, was a member of the panel at the time this case was submitted on oral argument but did not participate in this decision because her term of office expired on December 31, 2018.

because there was a fact issue; (2) by allowing PCB to amend its admission responses; and (3) by refusing to grant Everhard a continuance to have certain documents authenticated.   We affirm.

## I.   BACKGROUND

In 2009, Everhard signed a note for $500,000 (Note 1) with First National Bank (FNB).   Note 1 was renewed multiple times and matured in 2015.   In 2010, Everhard signed another note with FNB for $156,000 (Note 2).   Note 2 was not renewed and also matured in 2015.

Prior to 2013, FNB ceased operations, and the Federal Deposit Insurance Corporation (FDIC), as a receiver, took over FNB's operations and assets.   Among the assets that the FDIC took control of were the two notes at issue in this case.   The FDIC then sold these notes to PCB in a negotiated sale.   As a result, PCB became the successor-in-interest to the FNB notes and sought to recover the balances of these notes from Everhard.

PCB made a demand to Everhard for the amount due on the notes.   When Everhard failed to pay, PCB initiated this lawsuit in October 2015.   PCB sought to enforce Note 1 as an owner and Note 2 as the holder and owner under the business and commerce code.   *See* TEX. BUS. & COMM. CODE § 3.309.   PCB had copies of the notes at that time but had not located the originals in the documents it received from the FDIC. Everhard filed counterclaims alleging common-law fraud, fraud by nondisclosure, unjust enrichment, and exemplary damages.

2

Early in discovery, Everhard sent PCB a request for admissions asking PCB to admit that it did not have possession of the original signed notes, and PCB admitted it did not. In Everhard's third discovery request, he asked PCB to admit that the original signed notes were destroyed. However, PCB subsequently located the original signed Note 1 and its first renewal documentation and the original signed Note 2 on October 31, 2017. PCB responded to Everhard's third discovery request stating that it had located some of the original documents and made the documents available for inspection.

PCB also sent Everhard amended discovery responses to reflect the discovery of the original notes. PCB filed a motion to withdraw prior responses to requests for admission with the trial court and a motion for summary judgment on its claims and Everhard's counterclaims.

Everhard filed a response to PCB's motion for summary judgment on December 7, 2017, arguing that because PCB had admitted to not having possession of the notes in question, then PCB could not now argue that it had possession of the notes or prove its standing to enforce the notes. Everhard also moved for summary judgment of PCB's claims. On December 14, 2017, Everhard filed a motion for continuance, asking to have the notes examined by an expert to determine their authenticity, and an amended response to PCB's motion for summary judgment.

After a hearing, the trial court granted PCB's request to amend its discovery responses and motions for summary judgment and denied Everhard's motion for continuance and motions for summary judgment. This appeal followed.

3

## II.    AMENDED ADMISSIONS TO DISCOVERY

By his second issue, which we address first, Everhard alleges the trial court erred by allowing PCB to amend its admission responses.

### A.    Standard of Review and Applicable Law

A party may serve on another party written requests that the other party admit the truth of any matter within the scope of discovery, including statements of opinion, statements of fact, and statements of the application of law to fact.   TEX. R. CIV. P. 198.1. The responding party must serve a written response within thirty days after service of the request.   *Id.* R. 198.2(a).   Texas Rule of Civil Procedure 198.3 states that:

> Any admission made by a party under this rule may be used solely in the pending action and not in any other proceeding. A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission. The court may permit the party to withdraw or amend the admission if:
>
> (a)    the party shows good cause for the withdrawal or amendment; and
>
> (b)    the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission.

*Id.* R. 198.3.

A party may withdraw or amend an admission if:   (a) the party shows good cause for the withdrawal or amendment, and (b) the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission.   *Id.* R. 198.3; *ConocoPhillips Co. v. Noble Energy, Inc.*, 462 S.W.3d 255, 264 (Tex. App.—Houston [14th Dist.] 2015), *aff'd*, 532 S.W.3d 771 (Tex.

4

2017). "Good cause is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005). Even a "slight excuse" for the failure to timely respond will suffice, especially when delay or prejudice to the opposing party will not result from the withdrawal. *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 665 (Tex. App.—San Antonio 2014, pet. denied). "Undue prejudice depends on whether withdrawing an admission . . . will delay trial or significantly hamper the opposing party's ability to prepare for it." *Wheeler*, 157 S.W.3d at 443. Generally, the party seeking withdrawal of the deemed admissions has the burden to establish good cause. *Cleveland v. Taylor*, 397 S.W.3d 683, 694 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing *Boulet v. State*, 189 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2006, no pet.)).

A trial court has broad discretion to permit or deny the withdrawal of admissions. *Noble Energy*, 462 S.W.3d at 264; *see Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam). We only set aside the trial court's ruling if, after reviewing the entire record, it is clear that the court abused its discretion. *Noble Energy*, 462 S.W.3d at 264.

## B. Discussion

PCB filed its request to amend its admission responses, specifically relating to Request for Admission Number 1. When PCB responded to Everhard's first request for admissions, as well as when it supplemented discovery, PCB admitted it was not in possession of the original notes at the time the suit was filed. As a result of its ongoing search for the original documents, PCB discovered the original notes, as well as Note 1's first extension. PCB promptly notified Everhard and made the documents available for

5

inspection.

PCB's required showing was one of "good cause" and that the response was a mistake or accident. *See Wheeler*, 157 S.W.3d at 442. PCB stated in its motion to amend that the "need to now amend and withdraw PCB's Supplemental Response to Everhard's Request for Admission No. 1 was the result of a mistaken belief that subsequently proved inaccurate as a result of PCB's continuing efforts to locate the original Notes and was not a result of conscious indifference."

Everhard responded to the request to amend and argued that in May 2017, PCB supplemented its discovery responses and admitted that it did not have the original notes in its possession. Everhard also stated that PCB's counsel had stated in correspondence in April 2017 that the original notes had been shredded and produced affidavits stating the same. Everhard filed his motions for summary judgment "based upon the facts developed over a two-year period" and claimed he would be "unduly prejudiced" if PCB was allowed to amend its responses. Everhard was notified, but unable to inspect the documents found by PCB until shortly before the hearing.

Texas Rule of Civil Procedure 193.5 states:

(a) If a party learns that the party's response to written discovery was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct, the party must amend or supplement the response:

   (1) to the extent that the written discovery sought the identification of persons with knowledge of relevant facts, trial witnesses, or expert witnesses, and

   (2) to the extent that the written discovery sought other information, unless the additional or corrective information has been made known to the other parties in writing, on the

record at a deposition, or through other discovery responses.

(b)    An amended or supplemental response must be made reasonably promptly after the party discovers the necessity for such a response. Except as otherwise provided by these rules, it is presumed that an amended or supplemental response made less than 30 days before trial was not made reasonably promptly.

TEX. R. CIV. P. 193.5. Here, PCB asked to amend its prior response to a request for admissions that was no longer complete or correct. *See id.* Although Everhard claimed to have relied on PCB's prior responses to discovery, the trial court found there was "good cause" to amend based on the discovery of the original documents. *See Wheeler*, 157 S.W.3d at 442.

We hold the trial court did not act "arbitrarily or unreasonably" in allowing PCB to amend its admission responses. *See Stelly,* 927 S.W.2d at 622. We overrule Everhard's second issue.

### III.    MOTION FOR SUMMARY JUDGMENT

By his first issue, Everhard challenges the trial court's granting of PCB's motions for summary judgment.

### A.    Standard of Review

An appellate court reviews de novo a trial court's ruling on a summary judgment motion. *Wells Fargo Bank, N.A. v. Ballestas*, 355 S.W.3d 187, 191 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To succeed on a summary judgment motion under Texas Rule of Civil Procedure 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Wells Fargo*, 355 S.W.3d at 191. A party moving for summary judgment must

7

conclusively prove all elements of its cause of action or defense as a matter of law. TEX. R. CIV. P. 166a(c); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). To conclusively establish a matter, the movant must show that reasonable minds could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 814 (Tex. 2005). The evidence is reviewed in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Wells Fargo*, 355 S.W.3d at 191.

When both sides move for summary judgment and the trial court grants one motion but denies the other, the reviewing court should review both sides' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Holy Cross*, 44 S.W.3d at 566.

## B.   Applicable Law

To recover on a debt due under a promissory note, the plaintiff must establish that: (1) the note in question exists; (2) the debtor executed the note; (3) the lender is the holder or owner of the note; and (4) a certain balance is due and owing on the note. *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 84 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see PlainsCapital Bank v. Rogers*, 715 F. App'x. 325, 329 (5th Cir. 2017); *PlainsCapital Bank v. Miranda*, Nos. 13-16-00210-CV, 13-16-004630CV, 13-16-004640CV, 2018 WL 1325779, at *4 (Tex. App.—Corpus Christi-Edinburg Mar.15, 2018, pet. ref'd) (mem. op.).

> A person entitled to enforce an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the

8

rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3.309 or 3.418(d). A person may be entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Tex. Bus. & Com. Code Ann. § 3.301. A "holder" is a "person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession." *Id.* § 1.201(b)(21)(A). Section 3.309 states:

(a)     A person who is not in possession of an instrument is entitled to enforce the instrument if:

  (1)     the person seeking to enforce the instrument:

    (A)     was entitled to enforce the instrument when loss of possession occurred; or

    (B)     has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;

  (2)     the loss of possession was not the result of a transfer by the person or a lawful seizure; and

  (3)     the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(b)     A person seeking enforcement of an instrument under Subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, Section 3.308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

*Id.* § 3.309.

9

Texas law recognizes that even if a person is not the holder of a note, he may prove that he is the owner and entitled to enforce the note. *Manley v. Wachovia Small Bus. Capital*, 349 S.W.3d 233, 240 (Tex. App.—Dallas 2011, pet. denied). A person not identified in a note who is seeking to enforce it as the owner or holder must prove the transfer by which he acquired the note. *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

## C.    Discussion

Everhard argues that PCB's status as an owner versus a holder of the notes in question was never resolved and therefore, PCB cannot enforce the notes. As PCB points out in its brief, Texas law allows owners or holders to enforce notes. *See Manley*, 349 S.W.3d at 240.

In his motion for summary judgment, Everhard refers to PCB's original discovery responses to support his position. E-mails exchanged between Everhard and PCB's counsel stated that the original notes at issue had been destroyed, but copies of the notes had been produced in discovery.[2] Additionally, PCB produced a "lost note affidavit" from Larry Nixon, an attorney-in-fact for the FDIC, acting in its capacity as a receiver for FNB. Nixon's affidavit stated that FNB was the owner of the notes at the time of transfer to PCB. The affidavit also stated that "the original Note has been lost or misplaced. The Note was not where it was assumed to be, and a search to locate the Note was undertaken, without results." Additionally, Everhard references PCB's response to his

---

[2]   PCB objects to the use of the e-mails as summary judgment evidence in its response to Everhard's motion for summary judgment, but the trial court did not exclude the evidence in making its ruling denying Everhard's motions for summary judgment.

10

first request for admissions where Everhard asked if "that Plaintiff was not in possession of the ORIGINAL Notes at the time this lawsuit was filed," to which PCB responded with "Admit."

However, Everhard ignores the fact that although PCB had admitted to not having possession of the original notes at the time the case began, PCB subsequently found the original notes, promptly notified Everhard, and requested the opportunity to amend and correct its original discovery responses. PCB also stated in its response to PCB's third request for admissions that the "search for the original Notes is ongoing. PCB cannot admit or deny that those promissory notes . . . were destroyed." As stated in section II of this opinion, the trial court properly allowed PCB to amend its discovery responses, so the previous responses that Everhard relied on were no longer accurate and current.

In any event, Everhard argues that PCB did not possess the original notes both in his summary judgment motions and brief before this Court. Possession of the original is not a requirement. PCB must prove: (1) the note in question exists; (2) the debtor executed the note; (3) the lender is the holder or owner of the note; and (4) a certain balance is due and owing on the note. *Martin*, 377 S.W.3d at 84. PCB showed that the notes in question exist by producing both what it stated was the original and as well as a copy during discovery and attaching the notes as summary judgment evidence. *See id.* PCB alleged that Everhard executed both notes with FNB, a contention Everhard does not challenge. *See id.*

The main contention PCB had to prove was that it was the holder or owner of the notes at issue. PCB argued in its motion for summary judgment that it can be considered

11

the owner of Note 1 and the owner and holder of Note 2. Although Everhard was adamant PCB must have the original notes to enforce them, business and commerce code section 3.309 and Texas case law does not state the originals must be present to be enforceable and instead explains an owner can enforce a note by proving the transfer of the note. *See* TEX. BUS. & COM. CODE ANN. § 3.309; *Manley*, 349 S.W.3d at 240; *Leavings*, 175 S.W.3d at 309. PCB provided the trial court with the purchase and sale agreement with the FDIC where it acquired debts from FNB, including Notes 1 and 2, thereby satisfying section 3.309(a)(1)(B), which allows a person to enforce an instrument if the person acquired ownership from the person entitled to enforce it (here, PCB from FNB through the FDIC). *See* TEX. BUS. & COM. CODE ANN. § 3.309(a)(1)(B). Therefore, since PCB proved the transfer by which it acquired the note, it is entitled to enforce it as either an owner or a holder. *See Leavings*, 175 S.W.3d at 309. PCB provided Everhard with the original notes as well as copies of the notes. PCB fulfilled its proof as either an owner, holder, or both of Notes 1 and 2.

Lastly, PCB provided documentation that both notes issued to Everhard had a balance that was due and owing, which again, Everhard did not contest. *See Martin*, 377 S.W.3d at 84. By meeting the four requirements necessary to recover a debt under a promissory note, PCB met its summary judgment burden. *See id.*

We overrule Everhard's first issue.[3]

---

[3] Although Everhard's notice of appeal to the trial court indicated he was appealing PCB's motion for summary judgment regarding his counterclaims, Everhard does not address them in his brief. Therefore, we find he has waived any argument specifically regarding his counterclaims.

## IV.    DENIAL OF CONTINUANCE

By his third issue, Everhard argues the trial court committed error by denying his motion for continuance in order to evaluate the loan documents for authenticity purposes.

### A.    Standard of Review and Applicable Law

We review the denial of a motion for continuance under an abuse of discretion standard.  *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Ngo v. Ngo*, 133 S.W.3d 688, 692–93 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). A court abuses its discretion when it acts without reference to any guiding rules or principles; in other words, when the act is arbitrary or unreasonable.  *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

The supreme court has considered the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery:   the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought.  *Joe*, 145 S.W.3d at 161.

### B.    Discussion

On December 14, 2017, Everhard filed a "Motion to have Documents Produced by PlainsCapital Bank on December 11, 2017. . . Examined by a Document Examiner-Handwriting Expert."   In his motion, Everhard stated that PCB "claims that they may have located some of original documents" identified as Note 1 and 2 on October 31, 2017 and notified Everhard on November 17, 2017.   Everhard asked to inspect the documents on

13

December 11, 2017, and PCB provided him the opportunity at one of its branch locations.

Everhard's motion stated: "After inspection of the documents, [Everhard] is of the opinion that the documents produced by [PCB] are photocopies of documents and not original documents and that the signature on the documents produced is not [Everhard's] original signature." Everhard requested that PCB agree to have the documents inspected by a handwriting expert but received no response. Everhard also stated that he was unable to determine if a handwriting expert was needed prior to December 8, 2017, which was the deadline for designation.

During a hearing regarding the requested continuance, the trial court stated that regardless of the notes being originals or copies, Everhard did not deny signing the notes at issue. Everhard referred the trial court to his first amended response objecting to PCB's motion to amend its discovery responses. PCB argued that Everhard's responses never said the documents presented, even if they are copies of the original notes, were not true and correct copies, and therefore, PCB could still uphold the burden required to recover the debt under the notes.

The trial court agreed with PCB and did not find a need for the additional discovery sought by Everhard. *See id.* Authenticating the documents was not a necessary step to prove that PCB was an owner or holder of the notes. *See* TEX. BUS. & COM. CODE ANN. § 3.309; *Manley*, 349 S.W.3d at 240; *Leavings*, 175 S.W.3d at 309. Therefore, we hold the trial court did not abuse its discretion in denying Everhard's motion for continuance. We overrule Everhard's third issue.

14

## V.    CONCLUSION

We affirm the trial court's ruling.


GINA M. BENAVIDES,
Justice


Delivered and filed the
6th day of June, 2019.