

# NUMBER 13-17-00607-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SETH RIVERA,                                                    Appellant,

v.

BAPTIST FOUNDATION
OF TEXAS,                                                        Appellee.

### On appeal from the 404th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Yañez[1]
Memorandum Opinion by Justice Yañez**

Appellant Seth Rivera appeals the trial court's denial of his motion for summary

---

[1] Retired Thirteenth Court of Appeals Justice Linda Yañez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

judgment. By his sole issue, Rivera contends the trial court erred in ruling that the statute of limitations period had not run for the collection and foreclosure of real estate. We affirm.

## I. BACKGROUND

Rivera purchased real property from the Verbeek family in 1999. He made monthly lien note payments pursuant to the terms of their agreement. Rivera made his last payment on December 14, 2007 and was subsequently delinquent on his payments. On or about April 23, 2008, Verbeek's attorney sent Rivera a "Demand for Payment" which referenced the note's optional acceleration clause (2008 demand). Verbeek did not foreclose on the lien.

Subsequently, appellee Baptist Foundation of Texas (Baptist Foundation) inherited Verbeek's interest in the property. On or about February 9, 2016, Baptist Foundation sent Rivera a notice of foreclosure and notice of substitute trustee sale for the property. Rivera sued Baptist Foundation, seeking to enjoin Baptist Foundation from foreclosing. Baptist Foundation answered and filed a counterclaim. Rivera filed a motion for summary judgment arguing that because demand for payment was made in April 2008, the applicable four-year statute of limitations barred Baptist Foundation from foreclosing on the property eight years later. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a). Following a hearing, the trial court denied Rivera's motion, and after a bench trial, it rendered judgment in favor of Baptist Foundation. This appeal followed.

## II. SUMMARY JUDGMENT

By his first issue, Rivera challenges the trial court's denial of his motion for summary judgment.

**A.      Standard of Review**

We review de novo a trial court's ruling on a summary judgment motion. *Wells Fargo Bank, N.A. v. Ballestas,* 355 S.W.3d 187, 191 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To succeed on a summary judgment motion under Texas Rule of Civil Procedure 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Wells Fargo*, 355 S.W.3d at 191. A plaintiff moving for summary judgment on its affirmative claims must conclusively prove all elements of its cause of action or defense as a matter of law. TEX. R. CIV. P. 166a(c); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). To conclusively establish a matter, the movant must show that reasonable minds could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 814 (Tex. 2005). The evidence is reviewed in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Wells Fargo*, 355 S.W.3d at 191.

**B.      Applicable Law**

A foreclosure suit must be filed within four years after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a). A cause of action for foreclosure does not accrue "until the maturity date of the last note, obligation, or installment." *Id*. § 16.035(e). "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." *Id*. § 16.035(d). If a note contains an optional acceleration clause, defaulting on the note does not automatically begin the statute of limitations. *Holy Cross*, 44 S.W.3d at 566. Rather, the

3

statute of limitations does not start to run until the holder of the note actually exercises its option to accelerate. *Id*. "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Id*. Each notice must be "clear and unequivocal." *Id*. (quoting *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)).

## C.      Discussion

On April 23, 2008, Verbeek's attorney sent Rivera a "Demand for Payment" which included the following notice of intent to accelerate:

> In the event that the past due and owing amount has not been brought current by that date, the principal balance due and owing on the note will be accelerated and I have been instructed to commence proceedings to foreclose on the property under the Deed of Trust lien.

Rivera argues the 2008 demand accelerated the note and triggered the four-year limitations period because it was an unequivocal notice of intent to accelerate and notice to accelerate. However, the 2008 demand merely provided notice of *intent* to accelerate if Rivera did not become current on his payments. In fact, Rivera acknowledges that Verbeek sent Rivera a "Demand for Payment and Notice of Intent to Accelerate on or about April 23, 2008." Furthermore, the language within the notice was clear and unequivocal: if payment is not made, the balance *will be* accelerated. *See Holy Cross*, 44 S.W.3d at 566 (providing that an optional acceleration clause must be actually exercised to start running of limitations). Such notice of intent to accelerate fulfilled only the first step of effective acceleration and did not trigger the limitations period. *See id.*; *Karam v. Brown*, 407 S.W.3d 464 (Tex. App.—El Paso 2013, no pet.) ("So long as it is preceded by the required notice of intent to accelerate, notice of a trustee's sale constitutes unequivocal action indicating the debt is accelerated"); *Burney v. Citigroup*

4

*Glob. Mkts Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas 2008, no pet.) (holding that notice of filing an expedited application for foreclosure after the requisite notice of intent to accelerate is sufficient to constitute notice of acceleration); *Meadowbrook Gardens, Ltd. v. WMFMT Real Estate Ltd. P'ship*, 980 S.W.2d 916, 919 (Tex. App.—Fort Worth 1998, pet. denied) (holding that notice of intent to accelerate coupled with notice of foreclosure sale amounted to notice of acceleration); *McLemore v. Pac. Sw. Bank, FSB*, 872 S.W.2d 286, 292–93 (Tex. App.—Texarkana 1994, writ dism'd) (holding that notice of intent to accelerate followed by notice of trustee's sale constitutes notice of acceleration). Therefore, we conclude that summary judgment in Rivera's favor would have been improper. Accordingly, we overrule Rivera's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

LINDA YAÑEZ,
Justice

Delivered and filed the
27th day of June, 2019.