

# NUMBER 13-18-00352-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

REZA VAFAIYAN A/K/A
GHOLAMREZA VAFAIYAN,                                            Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

On appeal from the 250th District Court
of Travis County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

By six issues, pro se appellant Reza Vafaiyan a/k/a Gholamreza Vafaiyan challenges the trial court's grant of appellee the State's motion for summary judgment enforcing an administrative order issued by the Texas Commission on Environmental Quality (TCEQ). Vafaiyan alleges: (1) he was not liable for the penalties assessed against him; (2) the statute of limitations or laches precludes the judgment; (3) he was

denied his right to an attorney; (4) the calculated penalty against him was not supported by evidence; (5) the Office of the Attorney General (OAG) of Texas exceeded its authority; and (6) his response to the State's summary judgment should be considered timely under the prisoner mailbox rule. We affirm.

## I. BACKGROUND[1]

Pertex, a Texas corporation, failed to timely file its 2002 Texas franchise tax report, and subsequently, its corporate privileges were forfeited by the Comptroller of Texas. Prior to forfeiture, Pertex was investigated by the TCEQ for compliance issues with its petroleum storage tanks and four violations were found.

The TCEQ served Pertex with a petition and a preliminary report containing the violations. Pertex failed to respond and the TCEQ issued a default order on June 3, 2003. Pertex did not appeal the administrative order, and the order became final. Pertex failed to pay the penalty assessed in the order, which prompted the TCEQ to request the OAG to enforce the order. In 2007, the State, represented by the OAG, sued Pertex for the penalty under § 2001.202 of the government code and sued Vafaiyan, who was the registered agent, officer, and director, under § 171.255 of the tax code. *See* TEX. GOV. CODE ANN. § 2001.202; TEX. TAX CODE ANN. § 171.255.

Following service of the OAG's suit, Vafaiyan filed a pro se answer,[2] in which he

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Third Court of Appeals in Austin. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–84 (Tex. 1978); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present his case on appeal, just as he is required to properly present his case to the trial court. *Valadez*, 238 S.W.3d at 845. If this were not the rule, pro se litigants would benefit from an unfair

objected to the jurisdiction of the Travis County court, stated he sold the gas station, which was the location of the TCEQ violations, and argued the suit should be barred by the statute of limitations; however, Pertex failed to file an answer. The OAG moved for summary judgment against both Pertex and Vafaiyan and attached exhibits to its motion. Vafaiyan failed to file a response prior to or appear at the hearing. On June 26, 2007, the trial court granted summary judgment and entered a final judgment in favor of the OAG. The day after the summary judgment hearing, the district clerk received Vafaiyan's response and objection to the summary judgment. In his response, Vafaiyan alleged the OAG's claim is barred by a two-year statute of limitations; requested a change of venue to Wichita County, Texas, where the facility in question is located; requested the appointment of counsel due to his indigency; and requested a bench warrant to be issued since Vafaiyan was incarcerated on an unrelated criminal charge. On August 3, 2007, Vafaiyan filed his notice of appeal. In September 2007, the Travis County District Clerk wrote to Vafaiyan and asked him to notify the office as to what he wanted to be included in the appellate record.[3] Vafaiyan sent correspondence to the Travis County District Clerk in May 2018, requesting a status.[4] This appeal followed.

## II. Motion for Summary Judgment

Vafaiyan raises six issues on appeal, which we construe as a general challenge to

---

advantage over those parties who are represented by counsel. *Id.* Therefore, we will not make allowances or apply different standards because a case is presented by a litigant acting without the advice of counsel. *Id.*

[3] The clerk's record submitted in this case does not show that Vafaiyan responded to the district clerk's request to designate documents for the appeal.

[4] This case was transferred to the Thirteenth Court of Appeals on June 28, 2018. The record before us is silent as to the reason for the previous delay.

the trial court's granting of the motion for summary judgment. Additionally, we will address his specific contentions as procedural or substantive issues.

## A.    Standard of Review

An appellate court reviews de novo a trial court's ruling on a summary judgment motion. *Wells Fargo Bank, N.A. v. Ballestas*, 355 S.W.3d 187, 191 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To succeed on a summary judgment motion under Texas Rule of Civil Procedure 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Wells Fargo*, 355 S.W.3d at 191. A party moving for summary judgment must conclusively prove all elements of its cause of action or defense as a matter of law. TEX. R. CIV. P. 166a(c); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). To conclusively establish a matter, the movant must show that reasonable minds could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 814 (Tex. 2005). The evidence is reviewed in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Wells Fargo*, 355 S.W.3d at 191.

## B.    Discussion

Under § 2001.202 of the government code, the OAG may bring suit to compel compliance with a final administrative order. *See* TEX. GOV'T CODE ANN. § 2001.202. In order to obtain judicial review of an administrative order, the aggrieved person must first exhaust all other possible avenues of relief at the agency level. If, as here, the person

fails to timely file a motion for rehearing at the administrative level, the administrative order becomes final and is not subject to judicial review. *See id.* §§ 2001.144(a), 2001.146(a); *see Jolly v. State*, 856 S.W.2d 859, 860–61 (Tex. App.—Austin 1993, writ denied); *see also Armistead v. State*, No. 01-18-00555-CV, 2019 WL 1119610, at *2 (Tex. App.—Houston [1st Dist.] Mar. 12, 2019, no pet.) (mem. op.). Vafaiyan made no challenge previously at the administrative level to the fines assessed by the TCEQ. *See Armistead*, 2019 WL 1119610, at *2. Based on the fact that there was no challenge made at the administrative level, we find that the trial court properly granted the OAG's motion for summary judgment against Vafaiyan.

### III.     PROCEDURAL ISSUES

As to the procedural issues, we will address Vafaiyan's claim that he was denied court appointed counsel, that the AG exceeded its authority, and his response was timely under the prisoner mailbox rule.

### A.     No Right to Court-Appointed Counsel

By his third issue, Vafaiyan claims the trial court erred by not appointing counsel to assist him. Texas has statutorily provided for appointed counsel in juvenile delinquency cases, in parental termination cases, and in cases in which application for court-ordered mental health services has been made. *See* TEX. FAM. CODE ANN. §§ 51.10, 107.013; TEX. HEALTH & SAFETY CODE ANN. § 574.003. However, the Texas Supreme Court has "never held that a civil litigant must be represented by counsel in order for a court to carry on its essential, constitutional function." *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003). The Texas legislature has provided for "at least the

5

possibility of appointed counsel in other civil matters by conferring upon a district court judge the discretion to 'appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause.'" *Id.* (quoting TEX. GOV'T CODE ANN. § 24.016). Appointment of counsel in these types of cases is left to the discretion of the district court judge. *See* TEX. GOV'T CODE ANN. § 24.016. District courts should consider that "under exceptional circumstances, 'the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant.'" *Gibson*, 102 S.W.3d at 712 (quoting *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996)).

Vafaiyan requested a court-appointed attorney in the prayer to his response to the AG's motion for summary judgment stating that he was "presently indigent and have negative [sic] balance in [his] jail trust fund account." In July 2017, Vafaiyan filed "Defendant's Motion Requesting Appointed Attorney and Respond." He also filed an "Amended Affidavit of Inability to Pay Costs." In his affidavit, Vafaiyan stated that his trust fund account had a negative balance for the last six months, he owes $105,000 in liabilities, does not own any stocks or bonds nor has any checking or savings accounts. He also states that English is not his first language and prisoners in the Wichita County jail are not allowed access to the law library for research.

Although Vafaiyan's statements do show that he is indigent and incarcerated, he has not shown "exceptional circumstances" or how the "public and private interests at stake" would be best served by the appointment of counsel. *See id.* Vafaiyan's sworn statements were filed after the OAG's motion for summary judgment was granted; he only

6

requested appointed counsel in his unsworn prayer in his response to the motion for summary judgment. Therefore, we find that the trial court did not abuse its discretion by not appointing Vafaiyan counsel. We overrule Vafaiyan's third issue.

## B. AG's Authority Not Exceeded

By his fifth issue, Vafaiyan alleges the OAG exceeded its authority because this suit was not requested by the TCEQ. However, as the OAG points out in its brief, "Vafaiyan does not argue how the absence of documentation regarding referral leads to reversible error." Moreover, Vafaiyan raises this issue for the first time on appeal; he did not make similar arguments before the trial court.

"To raise an issue on appeal, a party must provide clear and concise arguments for the contentions made." *Santander Consumer USA, Inc. v. Palisades Collection, LLC*, 447 S.W.3d 902, 910 (Tex. App.—Dallas 2014, pet. denied) (citing TEX. R. APP. P. 38.1); *see Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). We are only to address the legal arguments made by the parties and we can only address them if they are properly preserved and presented. *See* TEX. R. APP. P. 33.1, 38.1.

Because Vafaiyan raises this argument for the first time on appeal, we find that it is not properly preserved. *See* TEX. R. APP. P. 33.1, 38.1. We overrule Vafaiyan's fifth issue.

## C. Vafaiyan's Motion for Summary Judgment Response

By his sixth issue, Vafaiyan alleges his response to the AG's motion for summary judgement was timely under the "prisoner mailbox rule."

7

A longstanding exception to the physical-delivery requirement for pleadings is the mailbox rule, codified as Texas Rule of Appellate Procedure 9.2(b), which applies in both civil and criminal cases and provides that a document received within ten days after the filing deadline is considered timely filed if it was "sent to the proper clerk" through the United States Postal Service; placed in a "properly addressed" stamped envelope; and deposited in the mail on or before the last day of filing. *Taylor v. State*, 424 S.W.3d 39, 43–44 (Tex. Crim. App. 2014) (quoting TEX. R. APP. P. 9.2(b). Further, under the mailbox rule as it applies to prisoners, often called the "prisoner mailbox rule," a pro se inmate's pleading is deemed filed at the time the prison authorities duly receive the document to be mailed. *Id.*; *see Castillo v. State*, 369 S.W.3d 196, 199 n.14 (Tex. Crim. App. 2012).

Vafaiyan's response was received by the district clerk's office on June 27, 2007. Vafaiyan's response was due no later than seven days prior to the date of the hearing. *See* TEX. R. CIV. P. 166a(c). Although the letter is dated June 18, 2007, the postmark appears to bear the date of June 20, 2007. However, we will assume without deciding that Vafaiyan's response was timely filed. The response contained no evidence to contradict the AG's motion for summary judgment. It was Vafaiyan's burden to show harm on appeal. *See Ford v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009). Vafaiyan's issue on appeal just argues that his response was timely filed. Therefore, we find that even if the response was timely filed, there was no harm that warranted a reversal of the trial court's judgment. We overrule Vafaiyan's sixth issue.

### III. SUBSTANTIVE ISSUES

By his first, second, and fourth issues, Vafaiyan challenges the granting of the

motion for summary judgment. Vafaiyan argues that he was not individually liable for the penalties assessed by the TCEQ, that the statute of limitations or laches applies in this case, and that the calculated penalty is not supported by evidence.

## A. Penalty Liability

By his first issue, Vafaiyan argues that he is not personally liable for the penalty imposed by the TCEQ. Texas Tax Code § 171.255 states if the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, a director or officer is liable for each debt of the corporation that is created or incurred after the date on which the report, tax, or penalty is due and before the corporate privileges are revived. TEX. TAX CODE ANN. § 171.255. Officers and directors remain without protection from liability until corporate privileges are revived. *Jonnet v. State*, 877 S.W.2d 520, 523 (Tex. App.—Austin 1994, writ denied). Each officer and director are individually liable for corporate debts "created or incurred" in the interim. *Id.*

Here, the administrative order was issued on June 3, 2003. The OAG presented evidence that showed that Pertex's corporate status was forfeited from February 14, 2003 until July 9, 2004. During that time, Vafaiyan, as the officer and director, would be personally liable for any debts incurred, which include penalties. *See id.* Therefore, Vafaiyan would be personally liable under the tax code. *See* TEX. TAX CODE ANN. § 171.255. We overrule Vafaiyan's first issue.

## B. Statute of Limitations/Laches

By his second issue, Vafaiyan alleges the OAG was barred by the statute of limitations or laches.

In his original answer, Vafaiyan states that the "statute of limitations to file a law suit in [the] state of Texas is two years."   In his response to the motion for summary judgment, Vafaiyan states that the administration penalty is "invalid and imposed by fraud, which at this time of law suit is barred by statute of limitations."   He also asks in his prayer for the case to be dismissed because it is "barred by two years statute of limitations." Now for the first time on appeal, Vafaiyan is raising a four-year statute of limitations, as well as laches.

"To raise an issue on appeal, a party must provide clear and concise arguments for the contentions made."   *Santander Consumer USA, Inc.*, 447 S.W.3d at 910 (citing TEX. R. APP. P. 38.1); *see Bolling*, 315 S.W.3d at 896.   We are only to address the legal arguments made by the parties and we can only address them if they are properly preserved and presented.   *See* TEX. R. APP. P. 33.1, 38.1.

Because we find that Vafaiyan raises this particular argument for the first time on appeal, we find that it is not properly preserved.   *See id.*   We overrule Vafaiyan's second issue.

## C.    Penalty Assessed

By his fourth issue, Vafaiyan challenges the penalty assessed by the TCEQ, stating that it lacked evidence.   The OAG responds by arguing this is an impermissible collateral attack on the final administrative order that was never presented to the trial court.   Vafaiyan is not entitled to judicial review on an action challenging a final administrative order.   *See Armistead*, 2019 WL 1119610, at *2.   A facially valid final order is not subject to collateral attack in a judicial enforcement proceeding.   *Jolly*, 856

10

S.W.2d at 861.   Similar to *Armistead*, Vafaiyan attempts to challenge the findings supporting the fines assessed against him, but waived his opportunity to do so by failing to timely ask for a rehearing in the administrative proceeding, exhaust all remaining administrative avenues for relief, and petition for judicial review of the final orders.   *See Armistead*, 2019 WL 1119610, at *2.   Therefore, we overrule Vafaiyan's fourth issue.

## V.   CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Delivered and filed the
15th day of August, 2019.